601 So.2d 395 (1992)
Margaret HARPER
v.
NORTH MISSISSIPPI MEDICAL CENTER and United States Fidelity & Guaranty Company.
No. 89-CC-915.
Supreme Court of Mississippi.
June 3, 1992.
C. Emanuel Smith, Tupelo, for appellant.
Ben Logan, Michael G. Soper, Soper & Dent, Tupelo, for appellees.
Before HAWKINS, P.J., and PITTMAN and McRAE, JJ.
McRAE, Justice, for the Court:

I.
This is a workers' compensation appeal perfected from the Circuit Court of Lee County. The central issue involved is whether there was substantial evidence to support the findings of the Mississippi Workers' Compensation Commission that the claimant took sufficient action to reopen her claim after filing a Final Report and Settlement Receipt to toll the one-year statute of limitations. Because of the great deference we give to the findings of the Commission when supported by substantial evidence, we reverse the Circuit Court and reinstate the order of the Commission.

II.
Margaret Harper, a nurses' aide at the North Mississippi Medical Center, injured her back while lifting a patient in June, 1984. She received Workers' Compensation benefits for this injury for approximately two months, after which time her physician released her to return to work. She signed a Final Report and Settlement Receipt ("Form B-31") which was filed with the Commission on August 4, 1984. Approximately one month later, Harper incurred further compensable medical expenses which were paid by the carrier. On December 13, 1984, the Commission received her amended Form B-31. At this time, the one-year statute of limitations governing the re-opening of her claim began to run. Miss. Code Ann. § 71-3-53 (1972).
Three months after returning to work, Harper was laid off from her job at the North Mississippi Medical Center. On November 14, 1984, she wrote the following letter to the Commission:
To The Commissioner,
This is to let you all know I got hurt with my back with a patient in June. I stayed off work 7 weeks going to the doctors, physical therapy etc. and I went back to work in Aug. and I worked from Aug. to Nov. about three months to be *396 exact. They laid me off last Thurs. without letting us know anything at all. They kept telling us we would not be laid off, made us a promise. So here I am without a job. Nobody would hire me at all to know that I had a strained back before. They have no intention of calling us back to work at all.
I had in a loan in the Credit Union. They told me my loan was ready for me and they had a check ready because I had my children's Christmas things in the layaway. This is what I was going to use this money from the Credit Union but after they found out I was laid off and didn't work there any more, they told me I couldn't get the money. They took our insurance from us, we have no insurance, we won't get paid our Christmas Bonus, or sick days. I don't think they did us fair at all, we didn't do anything to deserve to be treated this way.
I got hurt out there helping a patient this is what thanks I get for doing this. It would be different if they were going to call us back to work. But they are not going to call us back, they said so. But I am not going to let them get away with this at all. Because I am still having problems with my back, I still take medication when I have pain. Sometimes a pain comes in my sides.
I am going to talk to someone that can help me with this matter unless you all can advice [sic] me what to do about this. I want my job back I didn't do anything wrong. I hope you can tell me what to do right away before I go farther with this.
 Thanks,
 /s/ Margaret Harper
 Margaret Harper
Harper continued to experience lower back pain. Some ten months after the amended Form B-31 was filed, she sought out a new physician. He treated her and filed a Preliminary Medical Report ("Form B-9") with the Commission. Harper's employer forwarded the forms to its carrier with the recommendation that the claim not be paid. It wasn't. The bill was also sent to Harper's attorney.

III.
On March 24, 1986, one year and three months after the final amended Form B-31 was filed with the Commission, Harper's attorney filed a Petition to Controvert. In its Answer, North Mississippi Medical Center averred that any such claim was barred by the statute of limitations because a valid Form B-31 had been filed in December, 1984, and the Commission was therefore without jurisdiction to reopen the claim. Miss Code Ann. § 71-3-53 (1972).
The Administrative Law Judge held a hearing on the motion to dismiss. He found that the Appellees had properly filed Form B-31, that Harper's letter to the Commission was not a Petition to Controvert, and "[t]hat from and after that date [of the filing of the final B-31] the claimant has received no temporary total or medical or benefits of any kind or character from the carrier, nor were any submitted within the one year period of time and after December 13, 1984." He therefore concluded that the claim was barred by the statute of limitations.
Harper petitioned for review before the full Commission. The Commission reversed the Administrative Law Judge, finding that Harper's November 14, 1984, letter "was sufficient to enforce her right to reopen and to request a new compensation order."
North Mississippi Medical Center appealed to the Circuit Court of Lee County, which reversed the full Commission order, finding that there was "no substantial evidence that the ... handwritten letter of Claimant ... was anything more than a mere grievance letter addressing Claimant's concerns over being laid off at work, and no substantial evidence that the letter was a request to the commission concerning her injury." The Circuit Court found that the letter was insufficient to toll the statute of limitations and accordingly, on November 14, 1988, reversed the Commission's findings and dismissed Harper's claim with prejudice.
Harper filed a motion to enlarge the time within which to file a notice of appeal on *397 December 19, 1988, concurrent with filing a Notice of Appeal to this Court. On March 8, 1989, the Circuit Court granted the motion, finding that excusable neglect had occurred. The appeal was not noticed again until May 24, 1989. However, we have denied the Appellee's motion to dismiss for failure to timely file a Notice of Appeal and consider the case on its merits.

IV.
"[T]he Commission itself is, in law, the finder of facts and ... on judicial review, its findings and decisions are subject to the normal deferential standards, notwithstanding the AJ's actions." Walker Manufacturing Co. v. Cantrell, 577 So.2d 1243, 1245 (Miss. 1991). The Commission is the ultimate finder of fact, and thus may accept or reject the findings of an Administrative Law Judge. Hardin's Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss. 1990); R.C. Petroleum, Inc. v. Hernandez, 555 So.2d 1017, 1021 (Miss. 1990); Day-Brite Lighting Div., Emerson Electric Co. v. Cummings, 419 So.2d 211 (Miss. 1982). "The administrative judge, in this respect, is no more than a facility for conducting the business of the Commission and for all practical purposes the Commission is the actual trier of the facts." Dunn, Mississippi Workers' Compensation § 284 (3d Ed. 1982). In such a factual setting, it is, therefore, the Commission, not the Administrative Law Judge, which is entitled to deference upon review. As we reiterated in Walker, it is well-established that "the Circuit Courts must defer in their review to the findings of the Commission." Id. at 1247; Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss. 1988). The Circuit Court may interfere with an administrative agency action only when that action is arbitrary or capricious. Walker, 577 So.2d at 1247; Citizens Involved Voluntarily in Consolidation (CIVIC) v. Wayne County Board of Education, 574 So.2d 619, 622 (Miss. 1990); Gill v. Mississippi Department of Wildlife Conservation, 574 So.2d 586, 591 (Miss. 1990). Furthermore, when a decision of the Commission is based on substantial evidence, the Circuit Court, as well as this Court, is bound by the Commission's findings of fact. International Paper v. Kelley, 562 So.2d 1298, 1301 (Miss. 1990); R.C. Petroleum, 555 So.2d at 1021; Davis v. Scotch Plywood of Mississippi, 505 So.2d 1192 (Miss. 1987).
The Circuit Court, however, held that "[u]pon review of the record this Court finds no substantial evidence that the ex parte handwritten letter of Claimant on [received on] November 19, 1984, was anything more than a mere grievance letter addressing Claimant's concerns over being laid off at work, and no substantial evidence that the letter was a request to the Commission concerning her injury."
Applying our standard of deference to the Commission's findings, we find that there was substantial evidence in the record to support the Commission's decision that Harper's November 14, 1984, letter acted as a petition to reopen her claim, thus tolling the statute of limitations. Further, the Commission correctly applied the appropriate authority to its findings of facts. Thus, there is no indication of arbitrariness or caprice in the Commission's actions so as to warrant a reversal of its determination.
As we stated in Barr v. Conoco Chem., Inc., 412 So.2d 1193, 1194 (Miss. 1982), "if a claim for additional benefits is filed with the Commission within such time [one year], this tolls the statute." The full Commission further relied on two factually similar Commission decisions to determine that the letter was sufficient to reopen Harper's claim and toll the statute. Likewise, it cited Larson, Workmens' Compensation Law, § 77A.31 (1983) for the proposition that a letter or memorandum is often accepted in lieu of a formal pleading as long as the writing sufficiently identifies the claim and expresses the claimant's intent to seek relief. We find that the first paragraph of Harper's November 14, 1984, letter sufficiently articulates the nature of her claim and further, the final paragraph, in seeking guidance from the Commission, clearly expresses an intent to pursue whatever remedies might be available to her.
*398 The Commission also considered the evidence that Harper had sought further treatment for back pain only ten months after her former employer filed the final Form B-31. Her treating physician properly filed a Preliminary Medical Report ("Form B-9") with the Commission. The employer also submitted a copy to its carrier, albeit with the recommendation that it not be paid. North Mississippi Medical Center contends, however, that these actions were not sufficient to "request and enforce payment" so as to toll the statute.
We recall that "the purpose of the Act is to facilitate the payment of compensation without delay and without unnecessary cost." H.C. Moody & Sons v. Dedeaux, 223 Miss. 832, 842-843, 79 So.2d 225 (1955). To penalize a claimant for attempting to pursue a remedy without incurring the costs of an attorney seems contrary to the intents and purposes of the law. Furthermore, other jurisdictions have held that various informal actions may be sufficient to serve as applications to reopen a Worker's Compensation claim. For example, routine medical reports indicating that a claimant's hip condition had deteriorated and that surgery likely would be required was found to be a sufficient application to reopen a claim. Martin v. Bausch & Lomb, Inc., 54 A.D.2d 1002, 388 N.Y.S.2d 60 (1976). Also, a letter from a physician to the Commission opining that there was a causal connection between two injuries constituted an application to reopen, even though no formal request was made. Costello v. Industrial Container Corp., 20 A.D.2d 941, 248 N.Y.S.2d 911 (1964). See generally, 3 Larson at § 81.23.
Because of the beneficent purposes of the Mississippi Worker's Compensation Act, we construe the statutes liberally in favor of the injured worker. Metal Trims Industries, Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss. 1990); Big "2" Engine Rebuilders v. Freeman, 379 So.2d 888 (Miss. 1980). This is not to say that we will merely "rubber stamp" the Commission's findings. Metal Trims Industries, 562 So.2d at 1297. Where there is substantial evidence supporting the Commission's findings, we will affirm. Although the record indicates that the Commission gave the treating physician's report only secondary consideration in making its decision that the statute of limitations was tolled, we find that the filing of the Preliminary Medical Report together with Harper's November 14, 1984, letter are a sufficient request and enforcement of payment so as to serve as a substitute for a formal petition to reopen. Accordingly, we reverse the Circuit Court's decision and reinstate the findings of the Commission.
REVERSED AND THE ORDER OF THE WORKERS' COMPENSATION COMMISSION IS REINSTATED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.