MYERS, J.,
for the Court.
¶ 1. Frank E. Mullett was found dead at his work station at Mississippi Baptist Medical Center (Baptist) on January 12, 2000. Baptist prevailed before the administrative law judge, but the Full Workers’ Compensation Commission (Commission) reversed the administrative law judge’s decision in an order dated September 11, 2001. On June 3, 2002, the Circuit Court of the First Judicial District of Hinds County affirmed the Commission’s decision. Baptist appeals the circuit court’s decision to this Court. Baptist and Virginia Reciprocal Group (Virginia Reciprocal), Baptist’s carrier, assert ten issues:
I. THE FULL MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT JUDGE ERRED IN FINDING THAT THE DECEASED RECEIVED A COMPENSABLE INJURY AS A RESULT OF HIS HEART ATTACK AND DEATH AT WORK.
II. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT ERRED IN AWARDING ANY COMPENSATION BENEFITS, AND SUCH AWARD IS CONTRARY TO LAW, AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND IS MANIFESTLY WRONG.
III. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT JUDGE ERRED IN ITS FINDINGS OF FACTS AND LAW.
IV. THE COMPENSATION ACT HAS NOT BEEN FAIRLY CONSTRUED ACCORDING TO THE LAW AND EVIDENCE IN THIS CAUSE AS REQUIRED BY THE MISSISSIPPI WORKERS’ COMPENSATION ACT.
V. THE COMMISSION AND THE CIRCUIT COURT JUDGE ERRED UNDER THE FACTS AND LAW IN THIS CASE, IN REVERSING THE DECISION OF THE ADMINISTRATIVE JUDGE.
VI. THE DECISION OF THE COMMISSION AND THE CIRCUIT COURT IS CONTRARY TO THE CREDIBLE AND CONVINCING EVIDENCE ADDUCED IN THE TRIAL AND IS CONTRARY TO REASON, AND IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
VII. THE COMMISSION AND THE CIRCUIT COURT JUDGE ERRED *615 IN DISREGARDING UNCONTRA-DICTED EVIDENCE AND MISCONSTRUING AND MISAPPLYING THE HEREIN REBUTTED FOUND DEAD PRESUMPTION.
VIII. THE FINDING AND AWARD OF THE FULL COMMISSION AND THE CIRCUIT COURT IS NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE.
IX. THE ORDER OF THE FULL COMMISSION AND THE CIRCUIT COURT JUDGE WAS ARBITRARY AND CAPRICIOUS IN RELYING ON FACTS NOT IN THE RECORD.
X. IN THE ALTERNATIVE, AND ONLY IF THE APPELLATE COURT AGREES WITH THE FULL COMMISSION ORDER AND THE CIRCUIT COURT THAT THIS CLAIM IS IN ANY WAY COMPENSABLE, WHICH IS DENIED, THEN THE APPELLANTS’ ASSERT THAT THE FULL COMMISSION ERRED IN FAILING TO ORDER APPORTIONMENT.
Statement of the Facts
¶ 2. Baptist hired Frank Mullett in May 1997. His job title was project manager (or process improvement manager) for Baptist’s information technology department. He had three dependents, his wife, Benita Shurdan Mullett; a son, Michael; and a daughter, Molly. Doctors diagnosed Frank with high blood pressure sometime around August 1997. This was the first chronic health problem Frank had, and he had to take regular medication for it. Frank regularly took his medication (Diov-an); he filled his last prescription on December 17, 1999. Additionally, Frank monitored his blood pressure at home with a home monitor. Shortly before his death, Frank began to take Norvasc to help control headaches he began to experience in December 1999.
¶ 3. Frank regularly exercised, usually in the form of weight lifting, running, and/or tennis. He never smoked and continued exercising until the day of his death. He stood five feet eleven inches tall, and maintained a weight of approximately 160 pounds.
¶ 4. At the time of his death, Baptist was setting up a new computer record system. Frank was the liaison between Baptist and the system’s vendor. Baptist had difficulties with the system and this apparently added to Frank’s stress level. Additionally, Frank had to work extra hours, as did many in his department, trying to ensure systems were “Y2K compliant.” All of this was in addition to helping others at Baptist with computer problems.
¶ 5. The day of Frank’s death was largely uneventful. He had not complained of any unusual blood pressure readings, nor of any headaches. Frank attended a meeting at 10:00 that morning. Following the meeting, Frank worked out during his lunch break, as was his usual practice. Frank returned from his workout at around noon, and commented to a coworker that it had been a “rough workout,” or words to that effect. At approximately 1:20 p.m., a co-worker heard a wheezing, choking sound coming from Frank’s cubicle. The co-worker hurried over, and found Frank unconscious in his chair. Frank was not breathing and did not have a pulse. Co-workers attempted CPR, but failed to resuscitate Frank. The death certificate stated 1:30 p.m. as the approximate time of death.
¶ 6. An administrative law judge found that there was sufficient evidence to rebut the “found dead” presumption, and dismissed the workers’ compensation claim of Frank’s widow on April 2, 2001. The Full Workers’ Compensation Commission re *616 versed the judge’s findings, and ordered full death benefits to Frank’s dependents. The Circuit Court of the First Judicial District of Hinds County affirmed this decision. Baptist and Virginia Reciprocal now appeal to this Court.
Standard of Review
¶ 7. Under our standard of review, it is difficult to overturn the decision of the Full Commission.
The standard of review in worker’s compensation cases is limited. The substantial evidence test is used.... The Workers’ Compensation Commission is the trier and finder of facts in a compensation claim. This court will reverse the Commission’s order only if it finds that order clearly erroneous and contrary to the overwhelming weight of the evidence.
Smith v. B.C. Rogers Processors, Inc., 743 So.2d 997, 1002 (¶ 13) (Miss.Ct.App.1999) (quoting Inman v. Coca-Cola/Dr. Pepper Bottling Co. of Memphis, Tennessee, 678 So.2d 992, 993 (Miss.1996)).
Legal Analysis
I. THE FULL MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT JUDGE ERRED IN FINDING THAT THE DECEASED RECEIVED A COMPENSABLE INJURY AS A RESULT OF HIS HEART ATTACK AND DEATH AT WORK.
II. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT ERRED IN AWARDING ANY COMPENSATION BENEFITS, AND SUCH AWARD IS CONTRARY TO LAW, AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND IS MANIFESTLY WRONG.
III. THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION AND THE CIRCUIT COURT JUDGE ERRED IN ITS FINDINGS OF FACTS AND LAW.
IV. THE COMPENSATION ACT HAS NOT BEEN FAIRLY CONSTRUED ACCORDING TO THE LAW AND EVIDENCE IN THIS CAUSE AS REQUIRED BY THE MISSISSIPPI WORKERS’ COMPENSATION ACT.
V. THE COMMISSION AND THE CIRCUIT COURT JUDGE ERRED UNDER THE FACTS AND LAW IN THIS CASE, IN REVERSING THE DECISION OF THE ADMINISTRATIVE JUDGE.
VI. THE DECISION OF THE COMMISSION AND THE CIRCUIT COURT IS CONTRARY TO THE CREDIBLE AND CONVINCING EVIDENCE ADDUCED IN THE TRIAL AND IS CONTRARY TO REASON, AND IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
VII. THE COMMISSION AND THE CIRCUIT COURT JUDGE ERRED IN DISREGARDING UNCONTRA-DICTED EVIDENCE AND MISCONSTRUING AND MISAPPLYING THE HEREIN REBUTTED FOUND DEAD PRESUMPTION.
VIII. THE FINDING AND AWARD OF THE FULL COMMISSION AND THE CIRCUIT COURT IS NOT SUPPORTED BY ANY SUBSTANTIAL EVIDENCE.
IX. THE ORDER OF THE FULL COMMISSION AND THE CIRCUIT COURT JUDGE WAS ARBITRARY AND CAPRICIOUS IN RELYING ON FACTS NOT IN THE RECORD.
¶ 8. Baptist asserts that the “found dead” presumption of workers’ compensation law does not apply to the *617 facts of this case. Our supreme court has described the “found dead” presumption as follows:
The rule is firmly established in this state when an employee is found dead at a place where his duties require him to be or where he might properly be in the performance of his duties during work hours in the absence of evidence that he was not engaged in his employer’s business, there is a presumption that the accident arose out of and in the course of his employment.
Nettles v. Gulf City Fisheries, Inc., 629 So.2d 554, 556-57 (Miss.1993). The presumption may be rebutted upon showing substantial credible evidence that the employee’s duties did not contribute to the cause of death. Id. at 557. It is up to the employer/carrier to rebut the presumption, and it is not the burden of the claimant to support the presumption. U.S. Rubber Reclaiming Co. v. Dependents of Stampley, 508 So.2d 673, 676 (Miss.1987) (citing Okolona v. Dependent of Harlow, 244 So.2d 25, 26 (Miss.1971)). While this is, admittedly, a difficult burden to overcome, it belies “the likelihood that, if anything, greater unfairness would attend its placement on [a] claimant whose principal witness has been silenced by death.” Road Maintenance Supply, Inc. v. Dependents of Maxwell, 493 So.2d 318, 322 (Miss.1986).
¶ 9. The presumption applies in the instant case, as Frank was found dead in his cubicle, where he performed most of his duties. We find that Baptist has not carried the burden to rebut the presumption. In summary, these are the facts that they claim rebut the presumption:
(1) Frank was in relatively good health.
(2) He suffered from chronic hypertension.
(3) Frank met with a co-worker approximately ten to fifteen minutes before his death for about three or four minutes. The co-worker could not tell if Frank was under any stress or if Frank did not feel well.
(4) Frank talked to a co-worker who could not tell from Frank’s voice that anything was wrong.
(5) A medical doctor, who never examined Frank, stated that Frank’s job did not contribute to his heart attack.[1]
¶ 10. We cannot say that these facts add up to “substantial credible evidence.” Baptist’s evidence is based on assumptions. Since the workers’ compensation statutes are to be construed liberally in favor of the employee, assumptions could just as well, and should, be made in favor of Frank’s dependents. Harper v. North Mississippi Med. Ctr., 601 So.2d 395, 398 (Miss.1992).
X. IN THE ALTERNATIVE, AND ONLY IF THE APPELLATE COURT AGREES WITH THE FULL COMMISSION ORDER AND THE CIRCUIT COURT THAT THIS CLAIM IS IN ANY WAY COMPENSABLE, WHICH IS DENIED, THEN THE APPELLANTS’ ASSERT THAT THE FULL COMMISSION ERRED IN FAILING TO ORDER APPORTIONMENT.
¶ 11. Baptist urges that any recovery should be apportioned according to section 71-3-7 of the Mississippi Code of 1972 (Rev.2000). We disagree. Where the cause of death is unknown, apportionment is inappropriate. U.S. Rubber Reclaiming Co., 508 So.2d at 677. We know that Frank died of a heart attack, but the *618 ultimate cause of his death — what caused the heart attack — remains unknown. Since the cause of the heart attack is unknown, we cannot apportion benefits.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
MCMILLIN, C.J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, AND LEE, JJ., CONCUR. GRIFFIS, J„ DISSENTS WITH SEPERATE WRITTEN OPINION JOINED BY IRVING AND CHANDLER, JJ.

. The same doctor admitted that extreme emotional stress could have caused the heart attack, and that he did not know what Frank was doing or feeling immediately prior to the fatal heart attack.