ON WRIT OF CERTIORARI

RANDOLPH, Justice,
for the Court:
¶ 1. In July 2006, Paul R. Cook’s workers’ compensation claim was dismissed for failure to file a properly completed pre-hearing statement. In December 2006, Cook’s “Motion for an Order Re-Instating Claim” was denied for failure to “attach a properly completed prehearing statement....” In August 2008, Cook’s “Amended Motion to Reinstate” was dismissed as barred under the one-year statute of limitations provided in Mississippi Code Section 71-3-53. See Miss.Code Ann. § 71-3-53 (Rev. 2011) (“the commission may, ... at any time prior to one year after the rejection of a claim, review a compensation case, issue a new compensation order ..., or award compensation.”) (emphasis added). The full Commission affirmed the dismissal, as did the Circuit Court of Rankin County and a unanimous Mississippi Court of Appeals. See Cook v. The Home Depot, 81 So.3d 1126 (Miss.Ct.App.2011). This Court granted Cook’s petition for certiorari. See Cook v. The Home Depot, 69 So.3d 767 (Miss.2011). We now affirm.
FACTS AND PROCEDURAL HISTORY
¶2. The Court of Appeals summarized the underlying facts and procedural history, as follows:[1]
[o]n August 6, 2004, Cook filed his petition to controvert with the Commission alleging a back injury he had sustained [on May 13, 2003] while moving cast-iron bathtubs at The Home Depot, his place of employment. The Home Depot filed a B-31 Final Notice form with the Commission on August 6, 2004, providing Cook disability payments in the amount of $7,153.72.
Cook filed a motion to review the cessation of his benefits and payment of his medical bills on April 29, 2005, alleging further medical treatment was necessary. The Home Depot disputed Cook’s need for further treatment in its response to Cook’s motion, and on June 30, 2005, the [Administrative Judge (“AJ”) ] ordered an independent medical examination with The Home Depot to pay the costs associated with the examination.
On July 27, 2006, the AJ dismissed Cook’s claim for failure to file a completed prehearing statement pursuant to *1044 Commission Procedural Rule 5.[2] Cook filed a petition to reinstate his claim and a prehearing statement [on October 30, 2006], which the AJ denied on December 6, 2006, due to an improperly completed prehearing statement^[3]] Cook filed an amended prehearing statement on December 13, 2006, and also on January 8, 2007. [4]
In June 2008, Cook’s attorney sent a letter to the Commission alleging that he had personally delivered a second amended petition to reinstate, which was attached to a prehearing statement, to them on July 21, 2007. Cook’s file with the Commission did not originally contain either of these documents. His file was updated with these documents dated July 21, 2007, but they only bore the official stamp date of June 17, 2008, the day the Commission received them.
[On August 29, 2008,] [t]he AJ dismissed Cook’s claim because the one-year statute of limitations under Mississippi Code Section 71-3-53 (Rev. 2000) ran from December 26, 2006,[5] to December 26, 2007, and was not tolled by any action or filing.[6] Cook filed an appeal with the full Commission. The full Commission affirmed the AJ’s decision to dismiss Cook’s claim. The Rankin County Circuit Court affirmed the dismissal of Cook’s claim as barred by the statute of limitations.
Cook, 81 So.3d at 1127-28. The Court of Appeals affirmed the dismissal of Cook’s claim, finding that Cook “failed to timely file a petition to reinstate with the Commission and that the actions taken during the statute-of-limitations period were insufficient to toll the one-year period-” Id. at 1130.
STANDARD OF REVIEW
¶ 3. This Court has stated that the:
review of a decision of the Workers’ Compensation Commission is limited to determining whether the decision was supported by substantial evidence, was arbitrary and capricious, was beyond the scope or power of the agency to make, or violated one’s constitutional or statutory rights.[7] Short v. Wilson Meat House, LLC, 36 So.3d 1247, 1250 (Miss.2010) (quoting Public Employees’ Ret. Sys. v. Dearman, 846 So.2d 1014, 1018 (Miss.2003))_ Because the Commission is the ultimate fact-finder and judge of the credibility of the witnesses, this Court may not reweigh the evidence be *1045 fore the Commission. [Short, 36 So.3d at 1251] (quoting Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461 (Miss.2005)). This Court affords de novo review to the Commission’s application of the law. Natchez Equip. Co., Inc. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). “The legal effect of the evidence, and the ultimate conclusions drawn by [the Commission] from the facts ... are questions of law, especially where the facts are undisputed or the overwhelming evidence reflects them.” Cent. Elec. Power Ass’n v. Hicks, 236 Miss. 378, 388-89, 110 So.2d 351, 356 (1959). “[W]hen the agency has misapprehended a controlling legal principle, no deference is due, and our review is de novo.” ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 45 (Miss.1999).
Gregg v. Natchez Trace Elec. Power Ass’n, 64 So.3d 473, 475-76 (Miss.2011).
ANALYSIS
¶4. Mississippi Code Section 71-3-47 provides, in pertinent part, that “[e]xcept as otherwise provided by this chapter, the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the commission, the text of which shall be published and be readily available to interested parties.” Miss.Code Ann. § 71-3-47 (Rev. 2011) (emphasis added). See also Miss. Workers’ Comp. Comm’n Gen. R. 2, http:// www.mwcc. state.ms. us/LAW-CLMSH rules, asp (last viewed Feb. 8, 2012) (“These Rules shall be in effect and shall apply to all claims or matters pending before the Commission as of the effective date of the Rules [April 1, 2001], and to all matters or claims thereafter filed.”).[8] Mississippi Workers’ Compensation Commission Procedural Rule 5 provides that pre-hearing statements “shall follow the form prescribed by the Commission” and that the “[f]ailure of the claimant to timely file the prehearing statement may result in the dismissal of the case or other sanctions.” Miss. Workers’ Comp. Comm’n Proc. R. 5, http://www. mwcc. state, ms. us/LAW-CLMS/-rules.asp (last viewed Feb. 8, 2012) (emphasis added). On January 31, 2006, the Commission issued a memo which stated that:
[i]n December 2005, the Commission approved changes to the prehearing statement form. The revised prehearing statement form became effective January 2, 2006, and the revised form, as well as general instructions and a sample completed form, are available in the “Forms” section of the Commission’s official website....

Beginning February 21, 2006, the Commission will require the exclusive use of the revised prehearing statement form. On and after that date, any prehearing statement filed using the old form will be considered incomplete under Procedural Rule 5. Any party who files a prehearing statement using the old form will be required to resubmit a complete prehearing statement using the revised form.

(Emphasis added.) The Commission’s “General Instructions Regarding Prehear- *1046 ing Statement” provided that “PRE-HEARING STATEMENTS, INCLUDING ATTACHMENTS, THAT DO NOT COMPLY WITH THE ABOVE REQUIREMENTS WILL BE CONSIDERED INCOMPLETE AND RETURNED TO THE SENDER.” (Emphasis in original.)
¶ 5. Based upon Cook’s failure to comply with Mississippi Workers’ Compensation Commission Procedural Rule 5, the AJ entered an “Order Dismissing Claim for Claimant’s Failure to File a Completed Prehearing Statement.” (Emphasis added.) That July 27, 2006, order added that Cook “must attach” a “properly completed prehearing statement” to any subsequently filed “Motion to Reinstate the Claim.” Yet Cook failed to correct the prehearing statement error in his “Motion for an Order Re-Instating Claim.” The AJ’s December 6, 2006, “Order Denying Motion to Reinstate Claim” expressly noted Cook’s failure to “attach a properly completed prehearing statement to” his “Motion for an Order Re-Instating Claim[,]” such that Cook’s claim would not be reinstated to the Commission’s “active docket....” The order became final twenty days later, on December 26, 2006, at which point Cook had no claim pending before the Commission. See Miss.Code Ann. § 71-3-47 (Rev. 2011). Furthermore, the one-year statute of limitations began to run at that time. See Miss.Code Ann. § 71-3-53 (Rev. 2011). Throughout 2007, while Cook “submitted] several notices of depositions and amended prehear-ing statements,” he never “petition[ed] to have his claim reinstated.”[9] Cook, 81 So.3d at 1129. Not until June 17, 2008, did Cook file an “Amended Motion to Reinstate” along with a properly completed prehearing statement. In dismissing Cook’s motion as proeedurally barred by the statute of limitations, the AJ noted that Cook had not complied with her earlier order in filing only “Amended Pretrial Statements” and deposition notices, without any accompanying “Motion to Reinstate the Claim.”
¶ 6. Under these circumstances, this Court is not presented with an “even question” or a “[d]oubtful case” which would be controlled by the “beneficial purposes” of the Mississippi Workers’ Compensation Act.[10] Metal Trims Indus., Inc. v. Stovall, 562 So.2d 1293, 1297 (Miss.1990); Guthrie, 554 So.2d at 918. To jettison the Commission’s established procedural rules and rulings on how a claimant shall pursue his case, as advocated by the dissent, would contravene this Court’s position that “[i]t is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules.” Delta Drilling Co. v. Cannette, 489 So.2d 1378, 1380-81 (Miss.1986). See also Miss. State Tax *1047 Comm’n v. Mask, 667 So.2d 1313, 1314 (Miss.1995) (“The Court has generally accorded great deference to an administrative agency’s construction of its own rules and regulations and the statutes under which it operates.”). Furthermore, to reject the Commission’s sound rule and ruling creates an expansive void regarding the applicable rule. In the event of such displacement, what becomes the new rule: File at your leisure? File when/as convenient? File when moved by the Spirit? Such an approach invites chaos and disorder. Regardless of Cook’s subjective intent in filing the “Amended Pretrial Statements” and deposition notices, those filings wholly failed to comply with the AJ’s July 27, 2006, Order regarding reinstatement of his claims, i.e., they were not accompanied by a “Motion to Reinstate the Claim.” Rather, Cook’s actions were analogous to a civil litigant filing pretrial motions or deposition notices following dismissal of the case. Such filings do not resurrect the case. In the absence of a pending case, such filings are a nullity, insufficient to toll the statute of limitations.
¶ 7. Many putative suitors intend to file lawsuits; and many lawsuits evidencing an intent to pursue a remedy are dismissed for failure to follow the rules. Intent to proceed does not excuse Cook’s failure to follow established procedural rules and court orders providing repeated instruction on his need for, and the means to, cure. A suitor’s intent does not toll the statute of limitations. It is his action, or failure to act, that decides the issue. Cook did not file an “Amended Motion to Reinstate” with the proper prehearing statement attached until June 17, 2008, nearly six months after the statute of limitations had expired on December 26, 2007. Therefore, Cook’s claim was properly dismissed. To hold otherwise would eviscerate the Commission’s rules and rulings of their statutorily intended effect, since “[a] rule which is not enforced is no rule at all.” Allen v. Nat’l R.R. Passenger Corp., 934 So.2d 1006, 1011 (Miss.2006) (quoting Salts v. Gulf Nat’l Life Ins. Co., 872 So.2d 667, 674 (Miss.2004)).
CONCLUSION
¶ 8. Cook’s claim is time-barred. Accordingly, the judgments of the Mississippi Court of Appeals, the Circuit Court of Rankin County, and the Mississippi Workers’ Compensation Commission are affirmed.
¶ 9. AFFIRMED.
CARLSON AND DICKINSON, P.JJ., LAMAR, AND PIERCE, JJ., CONCUR. DICKINSON, P.J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS AND CHANDLER, JJ. KING, J., NOT PARTICIPATING.

. The bracketed portions of this quote, including bracketed footnotes, have been added by this Court.

. The "Order Dismissing Claim for Claimant's Failure to File a Completed Prehearing Statement” specifically stated that "if [Cook] desires to file a motion to reinstate the claim, he/she must attach to the motion a properly completed prehearing statement and a proposed order or the motion will be denied.” (Emphasis added.)

. The "Order Denying Motion to Reinstate Claim” provided that "because [Cook] did not attach a properly completed prehearing statement to the motion or did not notice the motion[,]” his claim would not be reinstated to the Commission's “active docket....” (Emphasis added.)

. These "Amended Pretrial Statements,” along with subsequent deposition notices, did not accompany a "Motion to Reinstate the Claim.”

. See Miss.Code Ann. § 71-3-47 (Rev. 2011) (a "decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.”).

. The "Order of Dismissal” stated that "[n]either the notices of ... deposition nor the Amended Prehearing Statements ... was effective to erase the one-year statute of limitations.”

. Cook has raised no constitutional or statutory violation, and the procedural rule at issue comports with due process and equal protection.

. The effective date of these rales followed this Court's decisions in Harper v. North Mississippi Medical Center, 601 So.2d 395 (Miss.1992) and Doyle, upon which Cook and the dissent rely. (Waller Op. at ¶¶ 13, 14, 15, 17, 18). Furthermore, the Mississippi Workers’ Compensation Commission Procedural Rules at issue in the case sub judice were not addressed in Harper and Doyle. Finally, this Court notes that the Harper Court affirmed the Commission's decision upon concluding "that there was substantial evidence in the record to support the Commission's decision that Harper’s November 14, 1984, letter acted as a petition to reopen her claim, thus tolling the statute of limitations.” Harper, 601 So.2d at 397 (emphasis added).

. The dissent additionally relies, erroneously, upon the "eventual taking of Dr. David Lee's deposition,” which occurred on December 28, 2007, after the statute of limitations had expired. (Waller Op. at ¶ 20).

. As grounds for reversing the Commission, the "beneficial purposes” of the Act should come into play only on close calls. Miller Transporters, Inc. v. Guthrie, 554 So.2d 917, 918 (Miss.1989). By analogy, as the tie goes to the runner in baseball, the close call goes to the employee in workers’ compensation matters. But the present case is more akin to a baserunner out by multiple steps, for whom the Act’s "beneficial purposes” are simply not implicated. Id. In claiming that this Court "has moved the bag back several feet[,]” the dissent disregards both the clear procedural rule on prehearing statements and, more importantly, the beneficent leniency extended by the AJ in the "Order Dismissing Claim for Claimant's Failure to File a Completed Pre-hearing Statement,” wherein she instructed Cook on the proper procedure to reinstate his claim, which Cook inexplicably failed to follow. (Waller Op. at ¶ 17 n. 13).