WALLER,
Chief Justice, dissenting:
¶ 12. Because I would hold that Cook took sufficient action to toll the statute of limitations on his workers’ compensation claim, I would reverse the Court of Appeals and the Rankin County Circuit Court and remand to the Commission for further proceedings. Accordingly, I respectfully dissent.
¶ 18. Vardaman Dunn, in his oft-cited treatise on workers’ compensation law, said, “The humanitarian objectives of compensation laws should not be defeated by over-emphasis on technicalities or by putting form above substance.” Dunn, Vardaman S., Mississippi Workmen’s Compensation § 32 (3d ed. 1990). Long ago, this Court expounded on the beneficent purpose of workers’ compensation law:
[T]he worker’s compensation acts should, must, or will be accorded a broad or liberal construction or interpretation, on the various grounds that the acts are remedial in their nature, and that the acts are remedial in their purposes, objects, or operation, that they constitute commendable legislation, or humane, humanitarian, paternal, or social legislation, that they have a beneficent or beneficial purpose, that they are enacted for worthy, public, humane, or humanitarian purposes, that they are grounded in justice, and economically sound, affect the public welfare or interest, establish or are founded on a public policy, and are authorized by the police power.
... [T]he acts are not to be given a strict construction or application, nor are they to be given a narrow, strained, forced, harsh, rigid, unrealistic, fanciful, or technical construction or interpretation.
L.B. Priester & Son, Inc. v. Bynum’s Dependents, 244 Miss. 185, 197, 142 So.2d 30, 31 (Miss.1962) (quoting 99 C.J.S. Workmen’s Compensation § 20b). The Court repeatedly has affirmed the principle that the Mississippi Workers’ Compensation Act is to be construed liberally in favor of claimants. See, e.g., ABC Mfg. Co. v. Doyle, 749 So.2d 43, 47 (Miss.1999); Harper v. N. Miss. Med. Ctr., 601 So.2d 395, 398 (Miss.1992); Stuart’s, Inc. v. Brown, 543 So.2d 649, 652 (Miss.1989); Big “2” Engine Rebuilders v. Freeman, 379 So.2d 888, 889 (Miss.1980). With this in mind, this Court has “allowed the reopening of Worker’s Compensation claims if justice so required.” Stovall, 562 So.2d at 1296. The Court’s liberal construction of the Act, including the application of the statute of limitations, is evident in two cases factually analogous to the case at hand.
¶ 14. In Harper v. North Mississippi Medical Center, 601 So.2d 395 (Miss.1992), this Court held the claimant had tolled the one-year statute of limitations, despite having failed to file a formal petition to reopen the claim. Harper, the claimant, filed a petition to controvert more than one year after the filing of a Form B-31 Final Report. Id. at 396. However, prior to the expiration of the statute of limitations, Harper had sent a letter to the Commission stating that she was still having prob *1049 lems with her back and needed help. Id. at 395-96. She also sought additional medical treatment and filed a Form B-9 Medical Report with the Commission. Id. at 396. This Court held that Harper’s letter, combined with the filing of her medical report, served as a “sufficient request and enforcement of payment so as to serve as a substitute for a formal petition to reopen.” Id. at 398. Accordingly, the Court held the statute of limitations had been tolled. Id. at 397.
¶ 15. In Doyle, this Court again found that actions other than a formal petition to reopen were sufficient to toll the statute of limitations on a claim. Doyle, 749 So.2d at 47. Doyle, the claimant, failed to file a Form B-5, 11 Petition to Controvert within one year after his employer filed a Form B-31 Final Report, notifying Doyle of the cessation of his benefits. Id. at 45. The Commission’s Procedural Rules required a claimant to file such a petition in order for his claim to be controverted. Id. at 46. Within the one-year period following the last date of payment, Doyle’s newly retained attorneys did file an entry of appearance, referencing Doyle’s interest in continued benefits and attaching a notice of controversy, stating that Doyle remained injured and unable to work. Id. When Doyle finally filed a petition to controvert nearly eighteen months after the date of last payment, the Commission held the claim barred by the statute of limitations. Id. at 45. This Court reversed, holding that the entry of appearance constituted a “sufficient request for payment,” since it contained Doyle’s allegation that she continued to be due medical payments and disability benefits. Id. at 47. The Court held that this informal request for payment was sufficient to toll the statute of limitations, despite the fact that Doyle had not filed a proper petition to controvert within one year following the last date of payment. Id.
¶ 16. In today’s case, Cook filed two amended pretrial statements following the AJ’s December 6, 2006, order of dismissal. These statements noted that Cook’s disability status and the amount of benefits he was due were contested. Furthermore, the statements alleged that Cook and Home Depot did not agree on his date of maximum medical recovery. It is apparent that these statements were intended to show that Cook was continuing to seek disability benefits. Cook also filed several notices of deposition, and took the deposition of Dr. David Lee on December 28, 2007.
¶ 17. As with the claimants in Doyle and Harper, Cook’s actions subsequent to the AJ’s order constituted a “sufficient request for payment” to toll the statute of limitations. See Doyle, 749 So.2d at 47. While recognizing that “doubtful cases” or “even questions” are to be decided in favor of compensation, the majority gives no credit to Cook’s actions taken in an effort to pursue compensation.[13]
¶ 18. The majority points out that Harper and Doyle predate the effective date of the current version of the Mississippi Workers’ Compensation Commission’s General and Procedural Rules. (Maj. Op. ¶ 4, n. 8). I fail to see how this is significant. First, in Doyle, the Court recognized that the claimant’s actions were not in compliance with the Commission’s Procedural Rules, as the Rules existed at that time. Doyle, 749 So.2d at 46. Despite this, the Court held that Doyle had taken sufficient action to toll the statute of limi *1050 tations on his claim. Furthermore, Procedural Rule 5 of the Mississippi Workers’ Compensation Commission, cited by the majority, exists in nearly identical form today as it did in 1999, when Doyle was decided. See Miss. Workers’ Comp. Comm’n, Workers’ Comp. Law of Miss, and Rules of the Comm’n 53 (1994).[14] Also, the Court in Harper and Doyle was addressing the same statute of limitations at issue today. See Harper, 601 So.2d at 395; Doyle, 749 So.2d at 46 (each addressing Section 71-3-53). Finally, the majority points out that Harper is distinguishable from today’s case since the Court in Harper was affirming the Commission’s ruling on a statute-of-limitations issue. (Maj. Op. ¶ 4, n. 8). However, in Doyle, the more recent case, this Court reversed the Commission’s ruling that the claimant had not tolled the statute of limitations. Doyle, 749 So.2d at 45, 47.
¶ 19. The majority also takes issue with my reliance on Cook taking Dr. Lee’s deposition as one of the actions sufficient to toll the statute of limitations. The majority believes that because this took place on December 28, 2007, it occurred “after the statute of limitations had expired.” (Maj. Op. ¶ 5, n. 9). However, Cook had taken significant actions prior to this date, including filing multiple amended pretrial statements and several notices of deposition. Based on this, I would find that Cook had taken actions sufficient to toll the limitations period prior to the date of the deposition.
¶ 20. I agree with the majority that “[a] suitor’s intent does not toll the statute of limitations. It is his actions, or failure to act, that decides the issue.” (Maj. Op. ¶ 7). However, Cook did take action. Cook’s amended pretrial statements, combined with Cook’s notices of deposition and eventual taking of Dr. Lee’s deposition, were more than sufficient to put Home Depot on notice that Cook continued to request and seek enforcement of payment. In barring Cook’s claim for his failure to file a formal petition to controvert with a proper prehearing statement attached, the majority incorrectly focuses on “form above substance,” and ignores the beneficent purpose of the worker’s compensation acts. See Dunn, Mississippi Workmen’s Compensation § 32; Prentice v. Schindler Elevator Co., 13 So.3d 1258, 1260-61 (Miss.2009); Freeman, 379 So.2d at 889.
¶ 21. Based on this Court’s precedent, and considering the beneficent purpose of the worker’s compensation acts, I would reverse the Court of Appeals and the trial court and hold that Cook took sufficient action to toll the statute of limitations on his claim. Accordingly, I respectfully dissent.
KITCHENS AND CHANDLER, JJ„ JOIN THIS OPINION.

. In keeping with the majority’s baseball analogy, based on this Court’s precedent, if Cook is "out by multiple steps," it is only because the majority has moved the bag back several feet. (See Maj. Op. ¶ 6, n. 10).

. The only difference between the prior version of this rule, with an effective date of September 1, 1993, and the version quoted by the majority is that the current version refers to a "prehearing statement” where the prior version labeled it a "pretrial statement.” Otherwise, the rule is unchanged.