CARLTON, J.,
for the Court.
¶ 1. Justino Garcia appeals the decision of the Circuit Court of Lee County, Mississippi, affirming the Mississippi Workers’ Compensation Commission’s dismissal of his motion to reinstate his workers’ compensation claim. We find no error and affirm.
FACTS
¶ 2. While working on a platform on November 14, 2002, Garcia lost his balance and fell backwards onto a box, injuring his back. After receiving some workers’ compensation benefits, Garcia filed a petition to controvert on February 14, 2003. His employer, Super Sagless Corporation, Leggett and Platt of Houston, Mississippi, and its insurance carrier, Fidelity and Guaranty Insurance Company, filed then-answer to the petition to controvert on March 7, 2003, admitting in their answer that Garcia was injured during the course of his employment with Super Sagless. They disputed, however, the extent of his injuries, his average weekly wage, the reasonableness and necessity of the medical treatment he received, and suggested that he may have had a pre-existing injury or disease that contributed to his work injury.
¶ 3. On November 4, 2003, the administrative law judge ordered that Garcia’s claim be dismissed for his failure to file a completed pre-hearing statement, which is required by Procedural Rule 5 of the Mississippi Workers’ Compensation Commission. On December 12, 2003, the employer and carrier filed an amended answer to the petition, adding to their list of disputed issues and defenses that the claimant had proceeded with unauthorized surgery.
¶ 4. On March 17, 2004, Garcia took the deposition of Dr. Andrew Chiou, a neurosurgeon. The attorneys for the employer and carrier attended and participated in the deposition of Dr. Chiou. Meanwhile, Garcia claims, the employer and carrier continued to negotiate a settlement agreement.
¶ 5. On April 8, 2005, Garcia filed a motion to reinstate his claim on the docket and included a completed pre-hearing statement. The employer and carrier responded, claiming that Garcia’s claim was barred by the one-year statute of limitations that began to run upon their filing of a Form B-31 notice of final payment, which they claimed to have filed with the Workers’ Compensation Commission on January 26, 2004. However, no Form B-31 was ever filed in this case. After a hearing on the motion to reinstate the claim on the docket, the administrative law judge entered an order on July 12, 2005, denying Garcia’s motion as being barred by the one-year statute of limitations set forth in Mississippi Code Annotated section 71-3-53 (Rev.2000).
¶ 6. Garcia filed a petition for review of the administrative law judge’s decision on July 20, 2005. After a hearing on October 10, 2005, the full workers’ compensation commission affirmed the administrative law judge’s rulings. Garcia appealed this decision to the Circuit Court of Lee Coun *269 ty, Mississippi, on October 19, 2005, and that court affirmed the Commission’s decision on December 6, 2006. Garcia then filed this appeal, arguing that the administrative law judge and the Commission, as affirmed by the circuit court, erred in dismissing Garcia’s claim as barred by the statute of limitations, especially since the employer failed to file a Form B-31 notice of final payment. Garcia also argues that the employer and carrier should be es-topped from asserting the statute of limitations as a defense because they participated in settlement negotiations after the dismissal of the claim and that the Commission’s interpretation of the statute of limitations defeats the beneficent purposes of the Workers’ Compensation Act.
STANDARD OF REVIEW
¶ 7. This Court will defer to the findings of the Workers’ Compensation Commission when those findings are supported by substantial evidence. Jones v. S. Healthcare Agency, 930 So.2d 1270, 1272(¶ 10) (Miss.Ct.App.2006). “We will only reverse the Commission’s rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious.” Levi Strauss & Co. v. Studaway, 930 So.2d 481, 484(¶ 10) (Miss.Ct.App.2006) (citing Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 448(¶ 8) (Miss.Ct.App.1999)).
ANALYSIS
¶ 8. Garcia first argues that the Commission and the administrative law judge erred by not considering the employer’s failure to file a Form B-31 notice of final payment when refusing to reinstate his claim on the docket. We disagree. Mississippi Code Annotated section 71-3-53 (Rev.2000) provides the Commission with continuing jurisdiction over claims in certain circumstances. The statute reads, in part:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation....
Miss.Code Ann. § 71-3-53 (Rev.2000) (emphasis added).
¶ 9. Had the administrative law judge and the Commission relied on the filing of a Form B-31 in determining whether Garcia’s claim was barred by the statute of limitations, then the employer’s failure to file the form would be of consequence. However, the one-year limitations period began to run when the administrative law judge’s order of dismissal became final. The statute is clear that a claim may be reviewed within one year of the filing of a Form B-31, or within one year after the rejection of the claim. Id. This Court has previously recognized that a dismissal of a workers’ compensation claim for failure to file a required pre-hearing statement should be treated as a rejection of a claim and should begin the limitations period. Edwards v. Wal-Mart, 930 So.2d 1273, 1276-77 (¶¶ 17-19) (Miss.Ct.App.2006). The administrative law judge dismissed Garcia’s claim on November 4, 2003. That order became final on November 24, 2003, in accordance with Mississippi Code Annotated section 71-3-47 (Rev.2000), which states that a decision of the administrative law judge “shall be final unless within *270 twenty (20) days a request or petition for review by the full commission is filed.” Accordingly, Garcia had until November 24, 2004, to file his motion to reinstate his claim on the docket, which he did not file until April 8, 2005.
¶ 10. Garcia next argues that the employer and carrier should be es-topped from asserting a statute of limitations defense because of their behavior after the claim was initially dismissed. “In order to preserve a point for review by the Supreme Court, the point must be presented not only to the commission but also to the circuit court by an assignment of error there by direct or cross-appeal.” Sawyer v. Head, 510 So.2d 472, 474 (Miss.1987) (citing Dunn, Mississippi Workmen’s Compensation § 291 (2d ed.1967; 3d ed.1982)). Garcia did not raise the issue of estoppel in his petition for review of the decision of the administrative law judge, nor did he raise it in his notice of appeal to the circuit court. Garcia first raised the issue of es-toppel in his brief to the circuit court in support of his appeal. Because Garcia failed to raise the issue of estoppel in his request for review by the full Commission, it is not properly before this Court.[1]
¶ 11. Lastly, Garcia argues that a strict interpretation of the workers’ compensation statute defeats the beneficent purposes of the legislation. The interpretation given to the statute as applied in this case can hardly be considered “strained and technical,” as Garcia asserts. After his claim was dismissed for failure to comply with the Commission’s procedural rules, Garcia waited far more than one year to comply with the rule and file the completed pre-hearing statement. The statute gives the Commission wide latitude to promulgate rules, stating that “[ejxcept as otherwise provided by this chapter, the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the commission, the text of which shall be published and be readily available to interested parties.” Miss.Code Ann. § 71-3-47 (Rev.2000). Further, this Court has stated that “it is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules.... ” Pennington v. U.S. Gypsum Co., 722 So.2d 162, 165(¶ 17) (Miss. Ct App.1998) (quoting Delta Drilling Co. v. Cannette, 489 So.2d 1378, 1380-81 (Miss.1986)).
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. BARNES, J, NOT PARTICIPATING.

. We note, however, that the doctrine of equitable estoppel is inapplicable to excuse claimant’s failure to comply with Procedural Rule 5 of the Workers’ Compensation Commission. In the case at bar, neither the employer nor carrier made any misrepresentation to the claimant. The administrative law judge dismissed the claim because of Garcia’s failure to comply with Rule 5 due to his failure to file a pre-hearing statement. Garcia had the responsibility to correct the deficiency prior to the expiration of the statute of limitations, and Garcia represented such intention to file a motion to reinstate. Alternatively, the employer relied upon Garcia’s representations that he was in the process of refiling.