ROBERTS, J.,
for the Court.
SUMMARY OF THE CASE
¶ 1. In 1994, Samuel David James slipped in oil and fell while working for Bowater Newsprint South, Inc., in Grenada, Mississippi. In June 2005, James filed a petition to controvert with the Mississippi Workers’ Compensation Commission and claimed he had compensable injuries to his back and his left hip. The administrative law judge found that James’s claim was time-barred. The full Commission affirmed and adopted the administrative law judge’s findings. After an unsuccessful appeal to the Grenada County Circuit Court, James appeals to this Court and claims the administrative law judge erred when she found that his claim was time-barred. Finding no error, we affirm the judgment of the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. In August 1994, James slipped in oil at work and fell on his back. James later testified by deposition that when he fell, he felt a burning sensation in his hip and heard a crack that sounded like “cracking knuckles.” According to James, his left hip “bothered him” consistently after he fell.
¶ 3. The record contains an MRI report dated June 14, 1996. By that report, Dr. Kevin Whaley found evidence that suggested James suffered from “avascular necrosis” in his hips. Dr. Thomas Windham, a neurologist, asked Dr. C.M. Jordan, a radiologist, to review x-rays taken by Dr. Whaley. In August 1996, Dr. Jordan opined that the x-rays depicted evidence “consistent with avascular necrosis.” Dr. Jordan also reviewed James’s MRI. Dr. Jordan found that James had avascular necrosis, and it was “more severe on the left than on the right.”
¶ 4. Dr. Wayne Lamar, an orthopedic surgeon, began treating James in March 1998. Dr. Lamar reviewed James’s x-rays and found “changes consistent with avas- *357 cular necrosis of both hips, the left more than the right.” Dr. Lamar reviewed James’s MRI with Dr. Todd Roth. They agreed that James’s 1996 MRI “defínately [sic] showed bilateral avascular necrosis.”
¶ 5. Incident to James’s April 29, 1998, visit with Dr. Lamar, Dr. Lamar noted that James reported that he injured his left hip “when he slipped on some oil on his job.” Dr. Lamar noted his opinion of the probability that James would have to have “a total hip arthroplasty on the left.” On May 5, 1998, Dr. Lamar wrote Newsprint South, James’s employer before it became known as Bowater Newsprint, and related that James had avascular necrosis in his left hip. Dr. Lamar also relayed that James thought he injured his hip when he fell at work and that James said he did not feel pain in his hip before he fell. Dr. Lamar further noted his opinion that James’s avascular necrosis was related to his work injury.
¶ 6. On April 18, 1999, Newsprint South served James with a notice of controversion and stated that there would be no coverage for James’s back and hip injuries because the statute of limitations had expired.
¶ 7. On May 17, 2002, Dr. Fred Sandifer took two x-rays of James’s hip. Those x-rays revealed avascular necrosis to James’s hip. Dr. Sandifer referred James to Dr. Audrey Tsao, a professor of orthopedic surgery and rehabilitation at the University of Mississippi Medical Center (UMMC). In March 2003, Dr. Tsao wrote a letter to Newsprint South regarding James’s avascular necrosis. Dr. Tsao advised Newsprint South that James’s avas-cular necrosis had progressed to the point that surgery was necessary. Dr. Tsao performed a “vascularized fibular graft” on James’s left hip in January 2004. On January 26, 2005, Dr. Tsao wrote Newsprint South and noted that James visited UMMC on that date for a follow-up appointment after his vascularized fibular graft. Dr. Tsao related that James had work restrictions and that it may be in James’s best interests “to seek another form of employment.”
¶ 8. On June 7, 2005, James filed his petition to controvert. James listed the date of his injury as January 15, 2004. According to James, he exacerbated his August 1994 injury to the point that he developed avascular necrosis in his left hip. Newsprint South filed a motion to dismiss James’s petition to controvert on the basis that it was untimely. On February 28, 2006, the administrative law judge conducted a hearing on Newsprint South’s motion to dismiss. Less than a month later, the administrative law judge found that James’s petition to controvert was untimely.
¶ 9. The administrative law judge noted that: (1) James testified in his deposition that his hip began bothering him when he fell in 1994; (2) James heard a pop and felt a burning sensation in his hip; (3) Dr. Whaley diagnosed James with avascular necrosis in 1996; (4) Dr. Windham found that James had hip pain related to avascu-lar necrosis; and (5) in 1998, Dr. Lamar noted that James had avascular necrosis in his left hip, which started when James fell, and that James would require surgery. The administrative law judge then found that James’s statements to his treating physicians show that his injury date was the date he fell — August 24, 1994. The administrative law judge concluded that James’s injury was not a latent injury and that the statute of limitations was not tolled. Consequently, the administrative law judge granted Newsprint South’s motion to dismiss.
¶ 10. James appealed to the full Commission. The full Commission affirmed and adopted the administrative law judge’s *358 opinion as its own. After an unsuccessful appeal to the circuit court, James appeals.
STANDARD OF REVIEW
¶ 11. This Court is bound to conduct a de novo review of questions of law, including issues regarding application of a statute of limitations. Ellis v. Anderson Tully Co., 727 So.2d 716, 718(¶ 14) (Miss.1998).
ANALYSIS
¶ 12. James concedes that his injury was not a latent injury, but he still maintains that his petition to controvert is not barred by the statute of limitations detailed at Mississippi Code Annotated section 71-3-35(1) (Rev.2000). Section 71-3-35(1) provides, “[rjegardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.”
¶ 13. James fell at work in August 1994. During his deposition, he testified that he heard a “pop” and felt a burning sensation in his hip. James also testified that his hip began hurting after he fell. Arguably, he should have known that he suffered a compensable injury in August 1994. Even if we apply leniency and find that James did not and should not have reasonably been aware that he had a compensable injury in August 1994, James should have known he had a compensable injury well before 2004-the date he listed as the date of the compensable injury in his petition to controvert.
¶ 14. James was initially diagnosed with avascular necrosis in 1996. In 1998, Dr. Lamar detailed that James had avascular necrosis in his left hip. According to Dr. Lamar, James’s avascular necrosis was due to his August 1994 fall. Dr. Lamar told James that his avascular necrosis would eventually require surgery. At a minimum, James knew or reasonably should have known that he suffered a com-pensable injury as of 1998. Because James filed his petition to controvert in June 2005, we must find that James’s petition to controvert is time-barred because it was filed after the expiration of the statute of limitations. Accordingly, we must affirm judgment of the circuit court, which affirmed the decision of the administrative law judge.
¶ 15. THE JUDGMENT OF THE GRENADA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND CARLTON, JJ., CONCUR.