ROBERTS, J.,
for the Court:
¶ 1. Paul Cook claimed he was entitled to workers’ compensation benefits as a result of a back injury he sustained while moving cast-iron tubs for his employer, The Home Depot. Cook filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission) and received compensation from Home Depot for his injury. He then filed a motion to review the cessation of his benefits alleging fürther medical treatment was necessary for his injury. An administrative judge (AJ) dismissed Cook’s claim for failing to file a completed prehearing statement. The dismissal order became final on December 26, 2006, at which point the one-year statute of limitations commenced to run. Throughout 2007, Cook failed to properly file a petition for his claim to be reinstated. In June 2008, Cook petitioned to reinstate the claim. The AJ found that the one-year statute of limitations barred the claim and denied his petition to reinstate his claim. After being properly petitioned, the full Commission affirmed the AJ’s order denying Cook’s petition. This decision was then affirmed on appeal by the Rankin County Circuit Court. Cook now appeals on the basis that the actions taken during the one-year period were sufficient to toll the statute of limitations and that his claim should not be barred. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. On August 6, 2004, Cook filed his petition to controvert with the Commission alleging a back injury he had sustained while moving cast-iron bathtubs at The Home Depot, his place of employment. The Home Depot filed a B-31 Final Notice form with the Commission on August 6, 2004, providing Cook disability payments in the amount of $7,153.72.
¶ 3. Cook filed a motion to review the cessation of his benefits and payment of his medical bills on April 29, 2005, alleging further medical treatment was necessary. The Home Depot disputed Cook’s need for further treatment in its response to Cook’s motion, and on June 30, 2005, the AJ ordered an independent medical examination with The Home Depot to pay the costs associated with the examination.
¶ 4. On July 27, 2006, the AJ dismissed Cook’s claim for failure to file a completed prehearing statement pursuant to Commission Procedural Rule 5. Cook filed a petition to reinstate his claim and a pre-hearing statement, which the AJ denied on December 6, 2006, due to an improperly completed prehearing statement. Cook filed an amended prehearing statement on December 13, 2006, and also on January 8, 2007.
¶ 5. In June 2008, Cook’s attorney sent a letter to the Commission alleging that he had personally delivered a second amended petition to reinstate, which was attached to a prehearing statement, to them on July 21, 2007. Cook’s file with the Commission did not originally contain either of these documents. His file was updated with these documents dated July 21, 2007, but they only bore the official *1128 stamp date of June 17, 2008, the day the Commission received them.
¶ 6. The AJ dismissed Cook’s claim because the one-year statute of limitations under Mississippi Code Annotated section 71-8-53 (Rev.2000) ran from December 26, 2006, to December 26, 2007, and was not tolled by any action or filing. Cook filed an appeal with the full Commission. The full Commission affirmed the AJ’s decision to dismiss Cook’s claim. The Rankin County Circuit Court affirmed the dismissal of Cook’s claim as barred by the statute of limitations. Cook now appeals the dismissal raising the issue of whether the Commission erred in determining that his actions during the one-year period were insufficient to toll the statute of limitations.
STANDARD OF REVIEW
¶ 7. We defer to the Commission’s decision and reverse only when the Commission’s decision is not supported by substantial evidence. Levy v. Miss. Uniforms, 909 So.2d 1260, 1263-64 (¶ 11) (Miss.Ct.App.2005). However, a de novo review is conducted when reviewing questions of law, including a statute-of-limitations issue. James v. Bowater Newsprint, 983 So.2d 355, 358 (¶ 11) (Miss.Ct.App.2008).
DISCUSSION
¶ 8. Cook argues that the Commission erred in dismissing his claim because his filing of his notices of depositions, submitting an amended prehearing statement, and allegedly filing a petition to reinstate during the one-year statute-of-limitations period were sufficient to toll the statute of limitations. Cook primarily relies on two Mississippi Supreme Court decisions: Harper v. North Mississippi Medical Center, 601 So.2d 395 (Miss.1992), and ABC Manufacturing Corp. v. Doyle, 749 So.2d 43 (Miss.1999), to illustrate that action taken, besides filing a petition to reinstate, during the one-year period may be sufficient to toll the statute of limitations.
¶ 9. We begin our analysis of this issue by discussing the relevant statutes. When a claim is dismissed, the dismissal does not become final until twenty days after the order to dismiss is entered. Miss.Code Ann. § 71-3-47 (Rev.2000). The claimant may request review of his claim’s dismissal during the twenty-day period. Id. After the order becomes final, the Commission has continuing jurisdiction pursuant to Mississippi Code Annotated section 71-3-53. The statute, in pertinent part, states:
[T]he [Cjommission may, at any time prior to one (1) year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
Miss.Code Ann. § 71-3-53. This gives the claimant one year from the date of the last payment or from the date of the AJ’s final order to seek review of his claim. After the one-year period, any further review of the claim is barred by the statute of limitations.
¶ 10. For the purposes of Cook’s claim, the AJ dismissed his claim on December 6, 2006. Cook then had twenty days within which to petition for review before the dismissal was final. Cook failed to petition for review; instead, he submitted an amended pretrial statement. This action was not a sufficient alternative to a petition for review, so the AJ’s order became final on December 26, 2006, and the one-year statute-of-limitations period commenced to run. The one-year period end *1129 ed on December 26, 2007. During this period, Cook did submit several notices of depositions and amended prehearing statements, but he did not petition to have his claim reinstated.
¶ 11. Cook’s attorney alleged that he had personally hand delivered a petition to reinstate, a prehearing statement, and a notice of deposition to the Commission on July 21, 2007. However, these documents were not in Cook’s file with the Commission when Cook’s attorney reviewed the file in June 2008. Cook’s attorney could only produce the documents dated July 21, 2007, without a stamp date indicating that they were received by the Commission at that time. The Court gives great deference to the fact-finding duty of the Commission and will not disturb its decision if there is substantial evidence in the record to support the findings. Harper, 601 So.2d at 397. We find that there is substantial evidence in the record to support the Commission’s decision that the statute of limitations was not tolled by Cook’s alleged filing of a petition to reinstate on July, 21, 2007, when no such filing appears in the record with the Commission.
¶ 12. Cook further argues that filing several notices of depositions and pre-hearing statements are sufficient to toll the statute of limitations. As stated above, he relies primarily on two cases, Harper and ABC Manufacturing Corp., to support his argument that actions outside of filing a petition to reinstate may be sufficient to toll the statute of limitations. In Harper, the Mississippi Supreme Court held that Margaret Harper’s complaint letter to the Commission during the one-year period was sufficient to toll the statute of limitations. Harper, 601 So.2d at 397. In ABC Manufacturing Corp., the supreme court held that Martha Jane Doyle’s new attorney’s petition for acceptance of representation, entry of appearance, and a copy of the previously filed notice of controversy filed during the one-year period was sufficient to toll the statute of limitations. ABC Mfg. Corp., 749 So.2d at 47 (¶ 17). In both cases, the supreme court allowed documents other than a petition to reinstate to toll the statute of limitations. In Harper, the supreme court held that the alternative documents were acceptable in the place of a petition to reinstate because the “[l]etter sufficiently articulates the nature of her claim and ... clearly expresses an intent to pursue whatever remedies might be available to her.” Harper, 601 So.2d at 397. In the case before us, Cook’s notices of depositions and amended prehearing statements were not sufficient to toll the statute of limitations because they do not provide the same level of information and notice that the supreme court found in the documents provided in Harper and ABC Manufacturing Corp.
¶ 13. In a factually similar case to the current case, Garcia v. Super Sagless Corp., 975 So.2d 267, 268 (¶3) (Miss.Ct.App.2008), this Court affirmed the denial of a petition to reinstate after the statute-of-limitations period had expired. In Garcia, the AJ dismissed the claim for failure to attach the required prehearing statement. After the dismissal became final, Justino Garcia continued to depose others and negotiate a settlement agreement with the employer and carrier. Id. at (¶¶ 3-4). After the one-year period had expired, Garcia attempted to reinstate his claim by filing a petition to reinstate. Id. at (¶ 5). The AJ denied Garcia’s petition to reinstate because it was barred by the one-year statute of limitations. Id. at (¶ 5). On appeal to this Court, we affirmed the Commission’s decision to deny the petition to reinstate. Id. at 268-69 (¶ 6). In the present case, Cook’s actions of filing notices of depositions and amended prehear-ing statements during the one-year period *1130 more closely resemble the actions taken m Garcia and not those in Harper and ABC Manufacturing Corp.
¶ 14. Because we find that Cook’s failed to timely file a petition to reinstate with the Commission and that the actions taken during the statute-of-limitations period were insufficient to toll the one-year period, we affirm the judgment of the Circuit Court of Rankin County which affirmed the Commission’s decision.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.