WILSON, J.,
for the Court:
¶ 1. The Workers’ Compensation Commission denied Edith Gaillard’s motion to reopen her case because it was filed more than a year after the order dismissing her case for,failure.to file a prehearing statement became final. Because such a mor tion must be filed within one year after .the order of dismissal, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. In 2010, Gaillard filed a petition to controvert in which she alleged a compen-sable carpal tunnel injury, that occurred on or about February 25, 2008, with a, maximum medical improvement date of Octo: ber 20, 2009.
¶ 3. On November 15, 2011, an adminis-r trative judge (AJ) dismissed Gaillard’s claim because she failed to file a prehear-ing statement, as required by Commission Procedural Rulé 5. Rule 5 expressly warns: “Failure of the claimant to "timely file the prehearing statement may result in the dismissal of the case or other sanctions.” The AJ’s order, specifically stated that it would become final unless Gaillard sought review by the full- Commission within twenty days, see..Mississippi Code Annotated section 71-3-47 (Rev.2011), and that a final order of dismissal would be a “rejection of a claim” for purposes of triggering the one-year statute of limitations of Mississippi Code Annotated section 71-3-53 (Rev.2011). Gaillard did not seek review by the Commission. Therefore, the AJ’s order became final on December 5, 2011.
¶ 4. On August 15, 2013 — i.e., more than twenty months after the dismissal became final — Gaillard filed a motion to reopen her claim. Her motion stated that the parties had continued discovery and participated in mediation even after her claim had been dismissed. The motion also stated that the employer/carrier had made' a final indemnity payment on August Í5,2012.
¶5. The employer/carrier-subsequently filed a Form B-31 with the Commission, which similarly showed a final indemnity payment of August 16, 2012.[1] The employer/carrier also filed a response in opposition to Gaillard’s motion to reopen, arguing that the motion was barred by Mississippi Code Annotated section 71-3-53 because it was filed more than a year after the claim was finally dismissed.
¶ 6. The AJ granted Gaillard’s motion to reopen, finding that it was timely because it was filed within one year of the last indemnity payment. But on petition for review, the full Commission reversed, concluding that the final dismissal of Gail-lard’s claim triggered the one-year limitations period regardless of ány subsequent *844 indemnity payments, and so the Commission no longer had jurisdiction to reopen the claim. The Commission reasoned that there are “two independent ways that the statute begins to run: 1) filing a Form B-31 Notice of Final Payment, or 2) rejection of a claim.” On appeal, Gaillard argues that the Commission misinterpreted the statute.
ANALYSIS
¶ 7. The question presented in this appeal is whether the Commission properly interpreted Mississippi Code Annotated section 71-3-53. We recently decided an appeal concerning the Commission’s interpretation of the same statute, and we explained that the Commission’s interpretations are entitled to deference:
While the generally stated standard of review is that an agency’s interpretation of its governing statutes is de novo, our supreme court has said we must conduct this review with deference to the agency’s interpretation. When determining the most reasonable and appropriate interpretation of a statute, the agency’s interpretation is an important factor that usually warrants strong consideration. So unless an agency’s interpretation of a governing statute is repugnant to the plain meaning, we are to defer to the agency’s interpretation. Put a bit differently, we only give no weight to an agency interpretation if it is so plainly erroneous or so inconsistent with either the underlying regulation or statute as to be arbitrary, capricious, or contrary to the unambiguous language or best reading of a statute.
Smith v. CompFirst/L.C. Indus., — So.3d -, - 2015 WL 4538075, at *2 (¶ 10) (Miss.Ct.App.2015) (petition for rehearing filed Aug. 11, 2015) (citations, quotation marks, and alterations omitted).
¶ 8. The relevant portion of section 71-3-53 reads as follows:
Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, at any time prior to- one (1) year after date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one (1) year after the rejection of a claim, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.
Miss.Code Ann. § 71-3-53. The issue in this appeal is whether the statute permits a motion to reopen a claim more than one year “after the rejection of a claim” but less than one year after “the last payment of compensation.” More specifically, we must determine whether the Commission’s conclusion that such a motion is untimely reflects a permissible interpretation of the statute.
¶ 9. This is not the first case in which the Commission has addressed this interpretive issue. Indeed, more than a decade ago, the Commission established a “uniform standard” and “a definite starting point for the one year statute of limitations in cases such as this” — that is, cases that have been dismissed due to the claimant’s failure to file a prehearing statement. Russell v. City of Vicksburg, MWCC No. 98-04704-G-8395, 2003 WL 21633994, at *4 (MWCC June 17, 2003). In Russell, the Commission specifically held that the dismissal of the claim triggers the one-year statute of limitations even if the employer does not file a Form B-31, signifying final payment of compensation, until sometime after the order of dismissal. The Commission explained that “the date *845 of notice of the last payment is not the operative date” where there is a prior order of dismissal. Rather, dismissal of the claim triggers the statute. See id. at *3-4.
¶ 10. We affirmed a similar order of the Commission in Garcia v. Super Sagless Corp., 975 So.2d 267, 270 (¶ 12) (Miss.Ct.App.2007). Garcia’s claim was dismissed for failure to file a prehearing statement. The employer initially asserted that it had filed a Form B-31 signifying final payment of benefits about three months after the dismissal, but no such form was on file with the Commission. Garcia therefore argued that his motion to reopen was timely even though it was filed more than one year after his claim was dismissed. See id. at 268-69 (¶¶ 3-6, 8). The Commission rejected Garcia’s argument, and we affirmed. In our opinion, we clearly treated the date of the proper filing of a Form B-31 as the effective “date of the last payment of compensation” for purposes of Mississippi Code Annotated section 71-3-53. See Garcia, 975 So.2d at 269 (¶¶ 8-9). And we also clearly affirmed that the statute begins to run upon either the filing of a Form B-31 “or ... the rejection of the claim.” Id. at (¶ 9). Because more than one year had passed since Garcia’s claim was dismissed, his motion to reopen was untimely. Id.
¶ 11. We acknowledge that Russell and Garcia appear to be factually distinguishable in that neither seems to have involved an actual payment of benefits less than one year prior to the filing of the motion to reopen. In both cases, it appears that although the-B-31 was filed after the order of dismissal (or not at all), actual payments ended more than a year prior to the motion to reopen. However, both opinions clearly treated the date of the proper filing of a B-31 as the effective “date of the last payment of compensation” for purposes of Mississippi Code Annotated section 71-3-53. This interpretation is consistent with longstanding precedent interpreting this statute and its predecessors. See Leggett & Platt v. Brinkley, 150 So.3d 106, 111-12 (¶¶ 20-21) (Miss.Ct.App.2014) (holding that proper filing of a Form B-31 triggers the statute of limitations (citing McCrimon v. Red Arrow Car Wash, 859 So.2d 395, 398 (¶ 10) (Miss.Ct.App.2003); McLemore v. Jackson Tile Mfg. Co., 252 So.2d 781, 783 (Miss.1971))); see also Int’l Paper Co. v. Evans, 244 Miss. 49, 57, 140 So.2d 271, 274-75 (1962). In addition, both opinions considered the issue and held that either final payment of benefits or the rejection of the claim is sufficient to begin the running of the one-year statute of limitations. Under this interpretation of the statute, Gaillard’s claim is time-barred regardless of when the last payment of benefits was made or a Form B-31 was filed.
¶ 12. As stated above, we must defer to the Commission’s interpretation unless it is “repugnant to the plain meaning” of the statute. Smith, — So.3d at -, 2015 WL 4538075, at *2 (¶ 10) (quoting Miss. State & Sch. Emps. Life & Health Plan v. KCC, Inc., 108 So.3d 932, 939 (¶ 20) (Miss.2013)). Moreover, in Garcia, we interpreted the statute in the same way that the Commission had interpreted it in Russell. Garcia, 975 So.2d at 269 (¶ 9). Therefore, the Russell/Garcia interpretation is entitled not only to deference but also continued adherence under the doctrine of stare decisis.[2] Even if we *846 thought that the Russell/Garcia interpretation was erroneous,- it is not “repugnant to. the plain meaning” of-the statute or “pernicious,” etc. While we agree with Gaillard that the, statute’s “use of the disjunctive.‘or’-denotes a choice between alternatives,” [3] Russell and Garcia recognize this point. The Commission and this Court have simply concluded that the statute begins to run upon either the rejection of the claim (in cases in which there is a rejection) or the last payment of benefits (in cases in which there is not). Garcia, 975 So.2d at 269 (¶ 9); Russell, 2003 WL 21633994, at *3-4. We conclude that this is a permissible interpretation of the statute.
¶13. Moreover, it is logical and reasonable-for the Commission to adopt a definite rule that a claimant has one year after her claim is .dismissed in which to file a motion to reopen. As the Commission reasoned in Russell, it has the “authority to enact ‘reasonable rules and regulations, consistent with law, for implementing the purposes of the Workers’] Compensation Act.’ ” Russell, 2003 WL 21633994, at *3 (quoting Barq’s Bottling Co. v. Broussard, 239 Miss. 561, 566, 124 So.2d 294, 296 (1960)).
¶ 14. In summary, when a workers’ compensation claim is dismissed because- the claimant fails to file a prehearing statement, the claimant has one year from the day that the order of dismissal becomes final in which to move to reopen. Because Gaillard waited more than one year after her claim was dismissed, we affirm the decision of the Commission denying her motion to reopen.
¶ 15. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
. LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR. *

. An employer must provide Commission with notice that "final payment of compensation has been made ... in accordance with a form prescribed by the [C]omrnissiori,” i.e., on a Commission Form B-31. Miss.Code Ann. § 71-3-37(7) (Rev.2011)., If the Form B-31 filed with the Commission is not signed by the claimant, the employer must notify the claimant of its filing by certified mail. Commission Procedural.Rule 2.17.

. See Caves v. Yarbrough, 991 So.2d 142, 152 (¶ 38) (Miss.2008) ("Even though this Court’s previous interpretation of a statute was (in the current Court’s view) erroneous, we must continue to apply the incorrect interpretation unless we consider it pernicious, impractical, or mischievous in effect, and resulting in detriment to the public.”); Land Comm'r v. Hut *846 ton, 307 So.2d 415, 421 (Miss.1974) ("We follow the rule of stare decisis and it is particularly applicable to cases involving the construction of statutes.”).

. In re Branan, 419 So.2d 145, 146 (Miss.1982).