# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-WC-00057-COA

HOWARD TILLMAN                                                    APPELLANT

v.

KLLM TRANSPORT AND KLLM TRANSPORT                                APPELLEES
SERVICES, LLC

| | |
|---|---|
| DATE OF JUDGMENT: | 12/08/2020 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | LINDSAY E. VARNADOE |
| ATTORNEY FOR APPELLEES: | PAMELA S. RATLIFF |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 02/15/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     Howard Tillman appeals from a decision issued by the Mississippi Workers' Compensation Commission (the Commission) that affirmed the administrative judge's (AJ) order dismissing Tillman's claim. The AJ dismissed the claim because the one-year statute of limitation (for continuing jurisdiction to review a compensation case after the rejection of a claim) had expired under Mississippi Code Annotated section 71-3-53 (Rev. 2021). We agree and affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     In April 2014, Tillman, a truck driver, suffered an injury to his lower back during his employment with KLLM Transport (KLLM). Tillman was treated for a lumbar strain, and

an MRI revealed he had a degenerative disc disease resulting in severe spinal stenosis.

¶3. On August 4, 2014, Tillman filed a petition to controvert with the Commission. On August 7, 2014, Dr. David Collipp diagnosed Tillman with lumbar spinal stenosis but found that it was unrelated to his work injury. Dr. Collipp placed Tillman at maximum medical improvement, releasing him with no impairment from his work injury. Tillman, however, continued to have back pain and in June 2015 filed the first of several motions to compel further medical treatment.

¶4. On November 14, 2015, Tillman's pre-hearing statement was due, but he failed to file it. In February 2016, the AJ issued an order giving Tillman twenty days to complete the statement or show cause why he should not be sanctioned $1,000 for unreasonable delay under Mississippi Code Annotated section 71-3-59 (Rev. 2021). When Tillman failed to perform either action, the AJ entered an order assessing the sanction.

¶5. When another month passed without Tillman's filing his pre-hearing statement or prosecuting his claim, on April 22, 2016, the AJ dismissed Tillman's claim. The order stated the dismissal would become final unless a written request for its review was filed within twenty days as provided under Mississippi Code Annotated section 71-3-47 (Rev. 2021). Further, the order specifically explained the dismissal triggered the one-year statute of limitation, which begins "after rejection of a claim" under section 71-3-53. Subsequently, Tillman never filed a motion to review or reinstate the claim.

¶6. As both indemnity and medical benefits had been paid by the workers' compensation carrier KLLM Transport Services LLC, in June 2016, the Commission sent a request to the

2

employer/carrier to file a Form B-31 (notice of final payment).[1] Tillman also filed a motion to compel the carrier to file a Form B-31. KLLM responded that a Form B-31 was not needed because Tillman failed to file a pre-hearing statement, and the claim was now barred by the one-year statute of limitation under section 71-3-53.

¶7. In July 2020, the AJ found after a hearing that the Commission no longer had jurisdiction because the claim was time-barred under section 71-3-53 as of April 22, 2017. Tillman then appealed to the full Commission, which affirmed the AJ's decision.

## STANDARD OF REVIEW

¶8. The standard of review in workers' compensation cases "is limited to a determination of whether the [Commission] erred as a matter of law or made factual findings contrary to the overwhelming weight of the evidence." *Clements v. Welling Truck Serv. Inc.*, 739 So. 2d 476, 478 (¶7) (Miss. Ct. App. 1999) (citing *Fought v. Stuart C. Irby Co.*, 523 So. 2d 314, 317 (Miss. 1988)). An appellate court reviews the Commission's application of law de novo. *Univ. of Miss. Med. Ctr. v. Smith*, 909 So. 2d 1209, 1218 (¶30) (Miss. Ct. App. 2005) (citing *ABC Mfg. v. Doyle*, 749 So. 2d 43, 45 (¶10) (Miss. 1999)). The reviewing court will not reverse the Commission's application of law unless it is clearly erroneous. *Westmoreland v. Landmark Furniture Inc.*, 752 So. 2d 444, 448 (¶8) (Miss. Ct. App. 1999).

## ANALYSIS

¶9. Tillman argues that the Commission's dismissal of his claim was contrary to law

---

[1] A Form B-31 is a Report of Payment and Settlement Receipt and "constitutes notice to [a] claimant that he is receiving his final payment of compensation . . . and that the employer and insurance carrier consider the case closed." *Armstrong Tire & Rubber Co. v. Franks*, 242 Miss. 792, 797, 137 So. 2d 141, 143 (1962).

because Mississippi Code Annotated section 71-3-37(7) (Rev. 2021)[2] requires that within thirty days after the final payment of compensation is made, the employer/carrier is to file a Form B-31, which was not done in this case. Due to the failure to file a Form B-31, Tillman maintains that his claim remains open; thus, the Commission's decision should be reversed and remanded.

¶10. The April 22, 2016 AJ's order of dismissal provided it would be final unless Tillman filed a written request to review it within twenty days under section 71-3-47. Further, the order noted, "A final order of dismissal for failure to properly file a pre-hearing statement is 'the rejection of a claim' sufficient to trigger the one-year statute of limitations set forth in [section 71-3-53]."

¶11. The dismissal of a claim is not final until twenty days after the entry of the order of dismissal under section 71-3-47. During the twenty-day period, the claimant may request a review of the dismissal. Once the order becomes final, the Commission has continuing jurisdiction under section 71-3-53, which provides in pertinent part:

> Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination

---

[2] Section 71-3-37(7) provides that the employer shall provide the Commission with notice of the last payment of compensation:

> Within thirty (30) days after the final payment of compensation has been made, the employer shall send to the commission a notice in accordance with a form prescribed by the commission, stating that such final payment has been made, the total amount of compensation paid, the name of the employee and of any other person to whom compensation has been paid, the date of the injury or death, and the date to which compensation has been paid. . . . No case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.

4

of fact, the commission may, *at any time prior to one (1) year after date of the last payment of compensation*, whether or not a compensation order has been issued, *or at any time prior to one (1) year after the rejection of a claim*, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

(Emphasis added). In other words, "a claim may be reviewed within one year of the filing of a Form B-31, *or* within one year after the rejection of the claim." *Garcia v. Super Sagless Corp.*, 975 So. 2d 267, 269 (¶9) (Miss. Ct. App. 2007). Further, as the AJ correctly noted, "a dismissal of a workers' compensation claim for failure to file a required pre-hearing statement should be treated as a rejection of a claim and should begin the limitations period." *Id.* (citing *Edwards v. Wal-Mart*, 930 So. 2d 1273, 1276-77 (¶¶17-19) (Miss. Ct. App. 2006)). "After the one-year period, any further review of the claim is barred by the statute of limitations." *Cook v. Home Depot*, 81 So. 3d 1126, 1128 (¶9) (Miss. Ct. App. 2011).

¶12.   Here, Tillman took no action to reinstate his claim even though he had several opportunities to do so. First, he could have requested a review of the dismissal in the twenty days after the order of dismissal, but he did not. Second, once the order became final, he could have sought review of the claim under section 71-3-53 for one year (until April 2017), but he did not. Thereafter, review of his claim was barred, as the Commission no longer had jurisdiction.

¶13.   Additionally, Tillman's argument that his claim is not time-barred because the employer/carrier failed to file a Form B-31 has been previously rejected by this Court and the Commission. In *Gaillard*, this Court discussed the interpretation of section 71-3-53 when a Form B-31 was filed over a year after a claim was finally dismissed for a claimant's

5

failure to file a pre-hearing statement. *Gaillard v. N. Benton Cnty. Health Care*, 180 So. 3d 842, 843 (¶¶3, 5) (Miss. Ct. App. 2015). There, the issue on appeal was whether the statute permitted a motion to reopen the claim under the circumstances. *Id.* at 844 (¶8). This Court cited as instructive the Commission's decision in *Russell v. City of Vicksburg*, MWCC No. 98-04704-G-8395, 2003 WL 21633994, at *3-4 (Miss. Workers' Comp. Comm'n June 17, 2003 order), stating:

> In *Russell*, the Commission specifically held that the dismissal of the claim triggers the one-year statute of limitations even if the employer does not file a Form B-31, signifying final payment of compensation, until sometime after the order of dismissal. The Commission explained that 'the date of notice of the last payment is not the operative date' where there is a prior order of dismissal. Rather, dismissal of the claim triggers the statute.

*Gaillard*, 180 So. 3d at 844-45 (¶9).

¶14. Similarly, in *Garcia* this Court affirmed an order of dismissal for failure to file a pre-hearing statement. *Garcia*, 975 So. 2d at 268 (¶¶1, 3). The claimant filed a motion to reinstate his claim more than a year after his claim was dismissed, arguing his claim was still open because the employer failed to file a Form B-31. *Id.* at 268-69 (¶¶5, 6). Our Court rejected this argument because section 71-3-53 clearly states the statute of limitation is triggered by *either* the filing of the Form B-31 *or* the rejection of the claim. *Id.* at 269 (¶9). Because more than one year had passed since Garcia's claim was dismissed, his motion to reinstate was untimely. *Id.* at 269-70. These cases illustrate that if a claim is rejected under section 71-3-53, it is time-barred regardless of whether the Form B-31 was filed late, as in *Gaillard* and *Russell*, or not at all, as in *Garcia*.

¶15. Here, the AJ and the Commission specifically found Tillman's claim time-barred due

6

to "the rejection of the claim" and not the filing of the Form B-31. Therefore, the employer/carrier's failure to file a Form B-31 had no bearing on the dismissal. Accordingly, the Commission did not err in finding Tillman's claim time-barred under section 71-3-53 and that it no longer had jurisdiction over Tillman's claim.

¶16. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**