## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-WC-00986-COA

**ROBERT DARTY JR.**                                                                    **APPELLANT**

**v.**

**GULFPORT-BILOXI REGIONAL AIRPORT**                         **APPELLEES**
**AUTHORITY AND MISSISSIPPI MUNICIPAL**
**WORKERS' COMPENSATION GROUP**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/27/2021 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | BENJAMIN U. BOWDEN |
| ATTORNEYS FOR APPELLEES: | CHRISTOPHER HOWELL MURRAY KRISTI ROGERS BROWN |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 08/09/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.     Robert Darty Jr. appeals from a decision issued by the Mississippi Workers' Compensation Commission (Commission) affirming an administrative judge's order denying Darty's motion to reinstate his claim because it was time-barred. The administrative judge (AJ) found that any additional claim for benefits was barred by the one-year statute of limitations set forth in Mississippi Code Annotated section 71-3-53 (Rev. 2011). Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     Darty's workers' compensation claim in this case related to an admittedly

compensable work injury that he incurred on June 2, 2010. Darty's employer, Gulfport-Biloxi Regional Airport Authority, and its insurance carrier, Mississippi Municipal Workers' Compensation Group (the Employer/Carrier), paid workers' compensation disability benefits for about three years and provided medical services and supplies, including back surgery by Dr. Eric Graham in March 2011.

¶3. Darty hired an attorney in December 2012, and on June 3, 2013, Darty's attorney filed a petition to controvert. In August 2014, the Employer/Carrier filed a B-18 form providing that benefits were suspended February 4, 2014, because Darty had been released at maximum medical improvement on May 10, 2012. The record reflects that in 2014 and 2015, the parties filed prehearing statements, medical reports, and motions. The workers' compensation file also contained correspondence "indicating that the parties were working to reach a compromise and settlement agreement and communicating that fact to Administrative Judge Homer Best."[1]

¶4. On January 24, 2017, a case status inquiry was issued pursuant to Procedural Rule 7 of the Mississippi Workers' Compensation Commission[2] and mailed to Darty's attorney. On March 2, 2017, Administrative Judge Best ordered that Darty's claim be dismissed due to Darty's failure to respond to the January 24, 2017 status inquiry. The March 2, 2017 dismissal order provided that it would become final unless a written request for review was

---

[1] The appellate record does not contain this correspondence, but this finding was made in the AJ's April 20, 2021 order denying Darty's motion to reinstate his claim.

[2] Effective January 18, 2018, this rule is now contained in Commission Rule 2.7.

filed within twenty days pursuant to Mississippi Code Annotated section 71-3-47 (Rev. 2011), and the order further provided that the dismissal was "the rejection of a claim" that triggers the one-year statute of limitations set forth under section 71-3-53.

¶5. No pleadings or other documents were filed until October 2020 (over three years later). On October 26, 2020, Darty's new attorney filed a motion to reinstate Darty's claim. The Employer/Carrier responded, asserting that the motion should be denied because the Commission was without jurisdiction to reinstate the claim by operation of the one-year statute of limitations set forth in section 71-3-53, which barred Darty's claim as of March 2018.

¶6. After telephonic hearings and upon consideration of the workers' compensation file, Darty's motion to reinstate his claim, and the Employer/Carrier's response, Administrative Judge Linda Thompson denied Darty's motion and entered her "Order Denying Motion to Reinstate" on April 29, 2021. Darty appealed the AJ's order to the Commission, and on July 27, 2021, the Commission issued its order affirming the AJ's April 29, 2021 order.

¶7. Darty appeals, asserting that the "beneficent purposes of the Mississippi Workers' Compensation Act" (the Act) require reversal and remand of his case for further proceedings before the Commission.

## STANDARD OF REVIEW

¶8. "The standard of review in workers' compensation cases 'is limited to a determination of whether the Commission erred as a matter of law or made factual findings contrary to the

3

overwhelming weight of the evidence.'" *Tillman v. KLLM Transp.*, 334 So. 3d 1224, 1226 (¶8) (Miss. Ct. App. 2022) (quoting *Clements v. Welling Truck Serv. Inc.*, 739 So. 2d 476, 478 (¶8) (Miss. Ct. App. 1999)). "We will only reverse the Commission's rulings where findings of fact are unsupported by substantial evidence, matters of law are clearly erroneous, or the decision was arbitrary and capricious." *Garcia v. Super Sagless Corp.*, 975 So. 2d 267, 269 (¶7) (Miss. Ct. App. 2007) (quoting *Levi Strauss & Co. v. Studaway*, 930 So. 2d 481, 484 (¶10) (Miss. Ct. App. 2006)).

## DISCUSSION

¶9. Darty asserts that the AJ's and Commission's orders are contrary to the beneficial purposes of the Act and therefore should be reversed. Darty "admits that there was no appeal or attempt to reinstate his claim from March 2, 2017 until October 22, 2020." He then points out, however, that "it is equally clear and admitted that [the Employer/Carrier] did not file a Form B-31 [(notice of final payment)]." Following these observations, Darty explains that "he had no idea that his claim had been dismissed until approximately September 2020, when he learned of same through his new counsel." Under these circumstances, Darty asserts that this Court must reverse the AJ's and Commission's orders "consistent with the beneficent purposes of the . . . Act."[3]

---

[3] Darty asserts that "the workers' compensation laws should be construed liberally to accomplish the purpose of the law, namely to provide medical and indemnity benefits to injured workers," citing *McCluskey v. Thompson*, 363 So. 2d 256, 259 (Miss. 1978), and that "[t]hese rules and doctrines are required to meet the beneficent purpose of the Act," citing *Marshall Durbin Co. v. Warren*, 633 So. 2d 1006, 1010 (Miss. 1994).

¶10.    We observe that the "beneficent purposes" principles on which Darty relies were "legislatively abolished for injuries occurring on or after July 1, 2012," *Jones v. Miss. Baptist Health Sys. Inc.*, 294 So. 3d 76, 82 (¶29) (Miss. 2020),[4] when the Act was amended, effective July 1, 2012, to specifically provide that "notwithstanding any common law or case law to the contrary, this chapter shall not be presumed to favor one party over another and shall not be liberally construed in order to fulfill any beneficent purposes." Miss. Code Ann. § 71-3-1(1) (Supp. 2012); *see* 2012 Miss. Laws, ch. 522, §1 (S.B. 2576). Because Darty sustained his work-related injury on June 2, *2010*, however, we do not reject Darty's assertions on this basis. Rather, we reject Darty's contentions because the Act, the Commission's own rules, and the applicable caselaw support the Commission's order affirming the AJ's April 29, 2021 order, which found that Darty's claim was time-barred under section 71-3-53 and that, therefore, the Commission no longer had jurisdiction over his claim. Finding no error, we affirm that decision.

¶11.    The AJ's March 2, 2017 dismissal order expressly informed Darty and his attorney that "[Darty's] claim is dismissed for failure to respond to a status request," and then warned Darty and his attorney that "[t]his order will become final unless Claimant or any other party files a written request for review of this order within twenty . . . days per . . . [section] 71-3-47 ." The March 2, 2017 dismissal order further warned Darty and his attorney that "[a]

---

[4] In *Jones*, 294 So. 3d at 83 (¶30), the Mississippi Supreme Court found that because the claimant "sustained a work-related injury on March 21, 2015, the Legislature's July 1, 2012 amendment directly applies to [her] case."

final order of dismissal for failure to respond to a status request is 'the rejection of a claim' sufficient to trigger the one-year statute of limitations set forth in . . . [s]ection 71-3-53."

¶12.    Section 71-3-53, which was referenced in the AJ's March 2, 2017 dismissal order, provides for the Commission's "continuing jurisdiction" as follows:

> Upon its own initiative or upon the application of any party in interest on the ground of a change in conditions or because of a mistake in a determination of fact, the commission may, *at any time prior to one (1) year after date of the last payment of compensation*, whether or not a compensation order has been issued, **or** *at any time prior to one (1) year after the rejection of a claim*, review a compensation case, issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation.

(Emphasis added).  Thus, a claim may be reviewed within "one . . . year after date of the last payment of compensation" *or* "one . . . year after the rejection of a claim."  *Id.*; *accord Tillman*, 334 So. 3d at 1227 (¶11); *Garcia*, 975 So. 2d at 269 (¶9).

¶13.    The "last date of compensation" event triggers the running of the one-year limitations period and occurs when the employer/carrier files a Form B-31 notice of final payment, *see Tillman*, 334 So. 3d at 1227 (¶11); *Garcia*, 975 So. 2d at 269 (¶9), pursuant to Mississippi Code Annotated section 71-3-37(7) (Rev. 2011).[5]  The Employer/Carrier in this case did not

---

[5] Section 71-3-37(7) provides:

> Within thirty . . . days after the final payment of compensation has been made, the employer shall send to the commission a notice in accordance with a form prescribed by the commission, stating that such final payment has been made [and other details of payment]. . . .  No case shall be closed nor any penalty be assessed without notice to all parties interested and without giving to all such parties an opportunity to be heard.

file a Form B-31, and the AJ specifically made this finding in her April 29, 2021 order denying Darty's motion to reinstate his claim. For this reason, the AJ based her order denying Darty's motion to reinstate his claim on the "rejection of a claim" trigger set forth in section 71-3-53.

¶14. Citing *Garcia*, 975 So. 2d at 269-70 (¶9), the AJ found that the March 2, 2017 dismissal order, which was based upon Darty's failure to respond to the Procedural Rule 7 status inquiry, constituted the "rejection of a claim" under section 71-3-53 when it became final on March 22, 2017, thus triggering the one-year limitations period under that statute. The AJ maintained its ruling regardless of whether the Employer/Carrier filed a Form B-31. Because Darty did not file his motion to reinstate his claim until October 2020 (over two years after March 22, 2018), his claim was time-barred, and the Commission lacked jurisdiction over his claim. We find no error in the AJ's analysis or conclusion.

¶15. This Court has held on several occasions that an AJ's dismissal order constitutes "the rejection of a claim" where a claimant has failed to meet a procedural deadline, as in this case. In *Tillman*, *Garcia*, and *Edwards*, for example, this Court found that the AJ's dismissal order based upon the claimant's failure to file a prehearing statement was to be treated as a rejection of a claim under section 71-3-53 and marked the beginning of the limitations period. *Tillman*, 334 So. 3d at 1227 (¶¶10-12); *Garcia*, 975 So. 2d at 269-70 (¶9); *Edwards*,

---

Miss. Code Ann. § 71-3-37(7); *see also* Commission Rule 2.17 (formerly Procedural Rule 17) (providing that the employer/carrier's filing of a correctly completed Form B-31 with notice to the claimant constitutes compliance with the requirements of section 71-3-37(7)).

930 So. 2d at 1276-77 (¶¶17-19). Procedural Rule 5[6] requires each party to file a prehearing statement before a matter may be set for a hearing on the merits. This rule expressly provides that a claimant's failure to timely file the prehearing statement "may result in the dismissal of the claim or other sanctions." Miss. Workers' Comp. Comm'n Proc. R. 5.

¶16. In this case, Darty failed to respond to a status inquiry as required under Procedural Rule 7 (now Commission Rule 2.7). Just like Procedural Rule 5, Procedural Rule 7 expressly warns a party that "[f]ailure of the party or the party's attorney to respond to a status inquiry within twenty (20) days may result in the dismissal of the claim, award of benefits, or other sanctions." Accordingly, just as a dismissal order based upon a claimant's failure to file a prehearing statement constitutes "the rejection of a claim," we likewise find that the AJ's dismissal order based upon Darty's failure to respond to the Procedural Rule 7 status inquiry constitutes "the rejection of a claim" pursuant to 71-3-53.

¶17. Darty had twenty days to seek review of the March 2, 2017 dismissal order pursuant to section 71-3-47, but he did not do so. When the March 2, 2017 dismissal order became final on March 22, 2017, this constituted a "rejection of a claim," and the one-year limitations period pursuant to section 71-3-53 was triggered. It is of no consequence that the Employer/Carrier did not file a Form B-31 "because section 71-3-53 clearly states the statute of limitation is triggered by *either* the filing of the Form B-31 *or* the rejection of the claim." *Tillman*, 334 So. 3d at 1228 (¶14) (citing *Garcia*, 975 So. 2d at 269 (¶9)). Darty had until

---

[6] As of January 18, 2018, this rule is now contained in Commission Rule 2.5.

8

March 22, 2018, to file a motion to reinstate his claim, but no pleadings or other documents were filed in the Commission file until October 2020 when Darty's attorney moved to reinstate his claim. At that point, a "review of [Darty's] claim was barred, as the Commission no longer had jurisdiction." *Id.* at 1227 (¶12).

¶18.    Darty asserts that because he did not know that his claim had been dismissed until September 2020 when his new attorney told him, the "beneficent purposes of the . . . Act" require that the AJ's and Commission's orders dismissing his claim be reversed. We disagree. Instead, we find that the AJ's straightforward application of section 71-3-53 after Darty's claim was dismissed due to his failure to comply with Procedural Rule 7 does not contradict the Act in any manner.

¶19.    The Act "gives the Commission wide latitude to promulgate rules" implementing its duties under the Act, *Garcia*, 975 So. 2d at 270 (¶11), as delineated in section 71-3-47: "Except as otherwise provided by this chapter, the details of practice and procedure in the settlement and adjudication of claims shall be determined by rules of the commission, the text of which shall be published and be readily available to interested parties." In this case, Darty never filed a response to the status inquiry, in blatant disregard of Procedural Rule 7 and the warning that "[f]ailure of the party or the party's attorney to respond to a status inquiry within twenty (20) days may result in the dismissal of the claim, award of benefits, or other sanctions." After his claim was dismissed due to his inaction, Darty did not seek review within twenty days pursuant to section 71-3-47, despite the clear warning in the

March 2, 2017 dismissal order that it would become final if he did not do so—and would then constitute a "rejection of a claim" pursuant to 71-3-53. Darty wholly failed to comply with the Commission's rules or the applicable statutes.

¶20. We recognize that Darty asserts he was surprised by the dismissal of his claim and that he did not find out about it until his new attorney told him in September 2020. But the AJ specifically found in her April 29, 2021 order denying reinstatement of Darty's claim that "the Employer/Carrier paid no workers' compensation benefits during the three-and-a-half years of inactivity" on Darty's claim from the time the March 2, 2017 dismissal order was entered until October 2020 when Darty's new attorney filed the motion to reinstate Darty's claim. Yet Darty did nothing. There is no indication in the record that Darty contacted his former attorney, contacted the Commission on his own, or checked on the status of his claim in any manner during this time.

¶21. The AJ explicitly found that there could be "no element of surprise" regarding dismissal given the plain language contained in the status inquiry and the dismissal order, and the access to the workers' compensation file provided both a claimant's attorney and the claimant himself

> [a] copy of both the status request letter and the dismissal order are indexed in the Commission file. Both status request letter and dismissal order include a statement that "a final order of dismissal for failure to respond to a status request is 'the rejection of a claim' sufficient to trigger the one-year statute of limitations set forth in Miss. Code Ann. Section 71-3-53." The Commission file is maintained and archived digitally, and *a claimant and his attorney* may access the claim through an online portal *at any time to check on the progress of the claim.* There should be no element of surprise claimed about the

10

dismissal order and its action as a "rejection of a claim" to start the one-year period of limitations.

(Emphasis added). The AJ's "lack of surprise" findings are supported by the record, and we give "substantial deference" to the AJ's findings of fact on this point. *Sims v. Delta Fuel*, 308 So. 3d 859, 867 (¶28) (Miss. Ct. App. 2020).

¶22. We also find relevant this Court's observation in *Garcia*, 975 So. 2d at 270 (¶12), where the dismissal of a claimant's case was affirmed under nearly identical circumstances. We recognized that "it is a rare day when we will reverse the Commission for an action taken in the implementation and enforcement of its own procedural rules . . . ." (Internal quotation mark omitted) (quoting *Pennington v. U.S. Gypsum Co.*, 722 So. 2d 162, 165 (¶17) (Miss. Ct. App. 1998)). We will not do so here.

¶23. For all these reasons, we affirm the Commission's order affirming the AJ's April 29, 2021 order denying Darty's motion to reinstate his claim because his claim was time-barred under section 71-3-53, and the Commission no longer had jurisdiction over it.

¶24. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

11